CASE 29—PETITION EQUITY—OCTOBER 28.

# Arthurs v. Harlan, &c.

ON MOTION TO DISMISS APPEAL FROM GREENUP CIRCUIT COURT.

1. This court will not dismiss an appeal because of a defective affidavit: made to obtain a warning order.

2. An affidavit made by the appellant's attorney upon which to obtain a. warning order in this court against non-residents must state that affiant believes the appellees are absent from this state, as well as: that they are non-residents of the State.

3. The clerk of this court has no authority to appoint an attorney for appellees constructively summoned. It must be done by the court.

ED. F. DULIN FOR APPELLANT.

B. F. BENNETT FOR APPELLEES.

1. The affidavit of the appellant's attorney is not sufficient to authorize the issual of a warning order. It does not state that the appellees are absent from the state when it was made.

2. The clerk of this court has no authority to appoint an attorney for appellees constructively summoned.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The appellant filed in the clerk's office of this court the affidavit of her attorney showing that the appellees are non-residents of this state, and reside in the city of Philadelphia,, in the state of Pennsylvania, and thereupon the clerk made a warning order, warning them to appear and defend the appeal. The attorney appointed by the clerk now moves to dismiss the appeal for alleged defects in the affidavit. We cannot dismiss the appeal on that ground; but if the affidavit be defective, as alleged, the warning order must be quashed.

Section 739 of the Code provides that if a warning order be desired in this court, the appellant shall file with the clerk "an affidavit conforming to sections 57 and 58."

If the defendant be "a non-resident of this State, *and is believed to be absent therefrom*," he may be proceeded against by warning order; but "the clerk shall not make such a.

warning order . . . except upon an affidavit of the plaintiff, his agent or attorney, . . . stating the ground of the application for such order." (Sections 57 and 58.)

The affidavit in this case does not state that the appellees. were absent from the state. That they are non-residents is. not sufficient. They must, at the time the affidavit is made, be non-residents, and the affiant must believe they are then absent from the state; and unless both the fact of non-residence and the belief of the affiant that the defendant or appellee is absent from the state be stated in the affidavit, the affidavit is defective, and the warning order, if objected to, must be quashed.

Subsection 3 of section 736 provides that "for an appellee who is constructively summoned in the Court of Appeals, that court shall appoint an attorney," &c.; so that, although the clerks of inferior courts are authorized to appoint attorneys to defend for persons constructively summoned, the clerk of this court has no such authority as to appellees constructively summoned.

It is therefore considered by the court that the warning order, and order appointing an attorney to defend in this case, made by the clerk October 3, 1877, be quashed, and that the order of submission be set aside and the cause continued.