## Mills v. Commonwealth.

(Decided October 3, 1922.)

### Appeal from Letcher Circuit Court.

1. Intoxicating Liquors—Searches and Seizures—Invalid Warrant.— Where a warrant is issued upon oral information given to a police judge by a witness and not upon an affidavit, such warrant is invalid; and evidence obtained through and by means of such an invalid search warrant is incompetent, and upon motion should be excluded.
2. Indictment and Information—Duplicity.—Although an indictment was duplicitous and subject to demurrer, the election of the Commonwealth after demurrer to try defendant for the offense of unlawfully having liquor in his possession renders the act of the court in overruling the demurrer harmless error.
3. Criminal Law—Directing Verdict—Error.—It is reversible error for the trial court to direct a verdict where there is a plea of not guilty, even though the evidence of accused's guilt be convincing and wholly uncontradicted

R. MONROE FIELDS for appellants.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Eight alleged reasons are assigned by appellant, Mills, for the reversal of the judgment finding him guilty of unlawfully having liquor in his possession and fixing his punishment at a fine of $100.00 and imprisonment in the county jail for thirty days, but we will consider only two or three of the grounds assigned. Appellant is a colored man who resided with his family at McRoberts, Letcher county, at the time charged in the indictment. About the first of April a police officer or deputy sheriff heard

from some citizen that Frank Mills had liquor in his house, and he took this citizen before the police judge and obtained a search warrant for the purpose of searching the house of appellant to find the liquor. The warrant was issued by the police judge and the officer took the warrant and with a posse searched the house and found a small quantity of liquor, evidently intended for personal consumption and not for sale. The members of the posse who searched the house were the witnesses for the Commonwealth at the trial. Appellant pleaded not guilty to the charge and objected to the introduction of evidence obtained through and by means of the search warrant on the ground that the search warrant was invalid because not issued upon a proper affidavit. Neither the search warrant nor affidavit was produced upon the trial, but the warrant is shown by the evidence to have been returned to the judge of the police court. It was not lost and could therefore have been produced at the trial. No mention whatever is made of the affidavit upon which the warrant was issued. In fact it reasonably appears from the record that no affidavit was made or filed with the police judge before the warrant was issued, for the witness says: "I took Ben Bently to the police judge to get a search warrant for the house; on his information the police judge wrote the search warrant for the house." From this evidence the conclusion naturally results that there was no affidavit, but the search warrant was issued upon the oral information given the police judge by the witness Ben Bently. If this be true the search warrant was invalid and did not afford protection to the police officers if they knew the facts in searching the house and their evidence obtained through and by means of the invalid search warrant was incompetent upon the trial, and the circuit court erred to the prejudice of appellant in overruling his motion to exclude it.

It is also objected that incompetent evidence was allowed to go to the jury on the trial over the objection of appellant, and this ground seems to be well supported by the record. The witnesses for the Commonwealth were allowed to tell of the discovery of an illicit still in a trunk on the second floor of the building in which appellant resided. Appellant did not own the still and did not, according to the evidence, have any connection with it. This evidence was incompetent, as the specific charge

against appellant was the unlawful possession of intoxicating liquors.

Although the indictment was duplicitous and subject to demurrer, the election of the Commonwealth, after demurrer, to prosecute appellant for the offense of unlawfully having liquor in possession rendered the action of the court in overruling the demurrer harmless error. Mays and Terry v. Commonwealth, 194 Ky. 540; Mobley v. Commonwealth, 190 Ky. 124; Ellis v. Commonwealth, 78 Ky. 138.

At the conclusion of all the evidence and after the defendant had testified that the liquor found in his house, with the exception of a small amount mixed with medicine, was not his and was there without his knowledge and in the possession of a boarder who lived at his house, and after he had pleaded not guilty of the charge, the court on its own motion directed the jury to find him guilty. This was a grievous error, highly prejudicial to appellant's substantial rights. In the first place, there was a sharp issue formed by the evidence which forbade such a peremptory proceeding on the part of the court. The case under the evidence was clearly one for the jury. Aside from that we have held in the recent case of Bardin v. Commonwealth, 191 Ky. 652, that it is never proper for the trial court to direct a verdict against defendant where there is a plea of not guilty, notwithstanding the fact that the evidence of accused's guilt may be convicing and wholly uncontradicted. A directed verdict in such case is reversible error.

It appears that the only liquor which is shown to have been in appellant's house at the time of the search and which liquor belonged to him was about a gill mixed with some iodine and potash and used by him as medicine. This he had secured about three or four weeks before April 1, 1922, for personal consumption only. Manifestly this liquor was obtained before the present prohibition act passed by our last legislature became effective on March 22, 1922. Under the former act it was not unlawful for one to purchase or acquire liquors by purchase, nor to have the same in possession for medicinal purposes. The possession of a small quantity of liquor mixed with medicine and used by appellant for medicinal purposes for his own consumption was not a violation of either the spirit or letter of the present or past laws. Whitehead v. Commonwealth, 192 Ky. 428. The two

acts were intended to prevent the manufacture, sale, transportation or other unlawful uses of liquor by persons for beverage purposes, and not to harass and annoy citizens who happen to have a small vial for medicinal purposes or for use in the home for purposes allowed by law.

For the reasons indicated the judgment is reversed for a new trial not inconsistent with this opinion.

Judgment reversed.