# Baker v. Commonwealth.

October 4, 1949.

D. G. Boleyn for appellant.

A. E. Funk, Attorney General, and William F. Simpson, Assistant Attorney General, for appellee.

VAN SANT, COMMISSIONER—Reversing.

Appellant was convicted of possessing whisky in Local Option Territory, fined $50, and sentenced to serve thirty days in the county jail. The sole evidence for the Commonwealth was found on a search of appellant's premises, under purported authority of a search warrant. Appellant moved the Court to quash the search warrant and to suppress the evidence obtained thereunder, because the affidavit upon which the search warrant was issued does not state sufficient acts upon which the Magistrate could conclude that a search warrant should issue. The affidavit reads:

"The affiant, Aaron Olinger, whose postoffice address is Hazard, State of Kentucky, states that he is a

citizen of Perry County, and that he has reasonable grounds to believe that intoxicating liquors are being sold, manufactured, disposed of or illegally possessed in a house, building or premises, owned or controlled by Jim Baker and located and described as follows: City Lunch; that he bases the foregoing affidavit and his belief and grounds for same upon the following facts and for the following reasons; I bought 3 half pints of whisky from Jim Baker at 6:00 P. M. on 3/25/48.

"(Signed) s/s/ Aaron Olinger

"Subscribed and sworn to before me by Aaron Olinger, this the 26 day of March, 1948

"(Signed) s/s/ Ralph Peters,
"J. H. P. C."

It will be noted that the only description of the premises to be searched is "City Lunch." This description does not disclose the location of the premises, either as to house number, street, city, county, or state. The affidavit does state that the premises to be searched are owned and controlled by Jim Baker and the "reasonable grounds" for believing that intoxicating liquors were being sold, manufactured, disposed of, or illegally possessed in the premises are that the affiant bought three one-half pints of whisky from Jim Baker at 6:00 P. M. on March 25, 1948. But the affidavit fails to state that he bought the whisky at the premises to be searched.

In Strong v. Commonwealth, 297 Ky. 591, 180 S. W. 2d 560, and Moore v. Commonwealth, 306 Ky. 22, 206 S. W. 2d 69, this Court recognized the rule that an affidavit to be sufficient to support the issuance of a search warrant must recite facts in respect to the description of the property to be searched to enable the officer serving the warrant to locate the property with certainty, and also to enable the Magistrate issuing the warrant to determine that the property to be searched is within his jurisdiction. The affidavit in this case fails to show that the "City Lunch" is in the City of Hazard, the County of Perry, or, for that matter, even in the State of Kentucky. That being true, the premises to be searched were not sufficiently described in the affidavit to justify the Magistrate in issuing the warrant. For

this reason, the Court erred in overruling appellant's motion to quash the search warrant, and to suppress the evidence obtained thereunder; and, since the only evidence introduced by the Commonwealth was that obtained under a search warrant unlawfully issued, appellant's motion for a directed verdict of not guilty should have been sustained.

All other questions specifically are reserved. The judgment is reversed.