**Paudie PIGG, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 8, 1957.

Claude P. Stephens, Prestonsburg, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

MILLIKEN, Chief Justice.

In his brief the Attorney General agrees that the appellant, Paudie Pigg, was illegally convicted of a second offense of possessing alcoholic beverages for the purpose of sale in dry territory. Paudie was sentenced to 120 days in jail and fined $200 on evidence obtained through the execution of a search warrant.

This action began on December 30, 1955, when an affidavit was executed before a justice of the peace of Johnson County as follows:

"The affiant, Betty Lou Meade, states that she is a citizen and resident of Johnson County, Kentucky, and that she has reasonable grounds to believe that Glenn (Beno) Walters and Emily Saylor have in their possession for the purpose of sale intoxicating alcoholic beverages in violation of local option law. She bases her opinion upon the fact that on the 30th day of December, 1955, she saw Paudie Pigg, who has the reputation of dealing in alcoholic beverages bring to the restaurant operated by said Emily Saylor and Glenn (Beno) Walters which is located just south of the bridge crossing Paint Creek on Bridge Street or Depot Road in the City of Paintsville, two half cases of one-half pints of whiskey for which the said Glenn Walters paid Paudie Pigg the sum of $37.50 for each half case, and the further fact that Emily Saylor and Glenn (Beno) Walters have the reputation of dealing in alcoholic beverages."

On the same date a warrant of arrest was issued for Paudie Pigg, appellant herein, charging him with the offense of selling whisky. There is nothing in the record to show what disposition was made of the case in the justice court. It appears that the affiant intended for two other people, namely Emily Saylor and Glenn Walters, to be charged with possessing alcoholic beverages for the purpose of sale in local option territory, but the justice issued a warrant of arrest charging Pigg with the offense of selling whisky, which, in our opinion, was proper under the allegations

of the affidavit. It further appears that the justice also issued a search warrant on the same date, which was based on the same affidavit, directing a search of the residence and automobiles of Paudie Pigg. The search warrant was executed and the sheriff's return thereon shows that ten one-half pints of whisky were found in his home, and approximately nine cases of whisky were found in a Ford automobile parked near the residence. On January 10, 1956, an indictment was returned against appellant charging him with possession of alcoholic beverages for the purpose of sale, and specifically charging possession of over nine cases of liquor which was the quantity seized by execution of the search warrant. It was upon this indictment that appellant was convicted. He was not indicted or tried for the offense of selling whisky, as was alleged in the affidavit.

▮ The affidavit is, in our opinion, amply sufficient to support a warrant of arrest charging a sale of whisky, but the proposition before us is whether the affidavit was sufficient to authorize the issuance of a search warrant directing a search of appellant's home and his automobiles. The Commonwealth's case was based entirely on the evidence obtained as a result of the search of his home and automobiles and, of course, if the affidavit was insufficient to support the issuance of the search warrant, then the search warrant was invalid and the evidence obtained under or by virtue of it is inadmissible against the accused. Colley v. Com., 195 Ky. 706, 243 S.W. 913; Mattingly v. Com., 199 Ky. 30, 250 S.W. 105.

At the trial appellant objected and excepted to the introduction of all evidence obtained by virtue of the search, and moved the court to quash the Commonwealth's evidence and dismiss the charge against him. The trial court overruled all defense motions and permitted the evidence to be introduced.

▮ Appellant urges that the Commonwealth's evidence was illegally obtained and was inadmissible because of the insufficient affidavit upon which the search warrant was based. In support of his contention that the search warrant was unlawful, counsel contends that the issuance of the search warrant violated the provisions of Section 10 of the Constitution of Kentucky and the provisions of KRS 242.370. Subsection (1) of said statute reads as follows:

"When an officer or any reputable citizen files an affidavit with any circuit judge, county judge, police judge or justice of the peace, *describing* premises or a vehicle, where alcoholic beverages are sold, disposed of or possessed in violation of this chapter, the judge or justice shall by his warrant cause the premises or vehicle to be searched for the detection of any alcoholic beverages which are possessed, or kept for disposition, in violation of this chapter."

It will be observed that the affiant herein did not *describe* any vehicle or premises belonging to or in possession of Paudie Pigg where alcoholic beverages were sold, disposed of or possessed in violation of the Local Option Law. It is clear that the premises and automobiles set forth in the search warrant were not *described* in the affidavit. The only description of any premises in the affidavit was the name and location of the restaurant wherein it is alleged Pigg sold and delivered a certain quantity of whisky to the operators of that place of business.

▮ It clearly appears that the affidavit did not meet the requirements of the above quoted statute. Aside from the statute, it further appears that the affidavit did not meet the requirements of the general laws relative to search and seizure. For these reasons we find ourselves in a position where we must agree that appellant's contention has merit.

In Baker v. Com., 311 Ky. 93, 223 S.W. 2d 590, 591, this Court held:

" * * * an affidavit to be sufficient to support the issuance of a search

warrant must recite facts in respect to the description of the property to be searched to enable the officer serving the warrant to locate the property with certainty, and also to enable the Magistrate issuing the warrant to determine that the property to be searched is within his jurisdiction."

In Commonwealth, for Use and Benefit of City of Paintsville v. Melvin, Ky., 256 S.W.2d 513, 514, the Court said:

"The object of an affidavit for a search warrant is not to charge all of the elements or prerequisites of a given offense. It is intended merely to supply written evidence of facts which are such that a reasonably discreet and prudent person would have probable cause for believing that an offense has been committed and evidence material to a prosecution of the offense might be obtained under the search."

In our opinion, the affidavit charging Pigg only with the offense of selling a specific quantity of whisky in a restaurant did not afford "probable cause" within the meaning of Section 10 of the Constitution for believing that he possessed whisky for the purpose of sale in his residence and automobiles which were not mentioned or described in the affidavit. See Mattingly v. Com., 197 Ky. 583, 247 S.W. 938; Caudill v. Com., 198 Ky. 695, 249 S.W. 1005; Taylor v. Com., 198 Ky. 728, 249 S.W. 1035; Baird v. Com., Ky., 273 S.W.2d 44.

It is clear from the above decisions that the property to be searched must be sufficiently described to identify it in the affidavit before a search warrant based thereon is valid. In the instant case there is no description of such property in the affidavit and no reference is made to it, so the evidence thus obtained is inadmissible.

The judgment is reversed.