**Denson TURNER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 16, 1959.

Shumate & Shumate, Thomas D. Shumate, Richmond, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Denson Turner moves for an appeal from a judgment entered upon a jury verdict finding him guilty of the offense of illegally possessing intoxicating liquor for the purpose of sale in dry territory. His punishment was a fine of $50 and 30 days in jail.

The ground urged for reversal is that the lower court erred in refusing to peremptorily instruct the jury to find Turner not guilty, because it is maintained the only proof of guilt was incompetent evidence which the jury was allowed to consider over his objection. It is contended the supporting affidavit was insufficient, so that the search warrant was invalid, and the evidence obtained as a result of the search was inadmissible. It is pointed out that all of the evidence introduced against Turner with reference to the possession of alcoholic beverages was obtained as a result of the execution of the search warrant. There was also testimony as to Turner's bad reputation for trafficking in intoxicating liquor.

The body of the affidavit upon which the search warrant is based is in words and figures as follows:

"The affiant, Alsom Isaacs whose post office address is Sand Gap, State of Kentucky, states that he is a citison and a resident of Jackson County, Ky., and that he has reasonable grounds to believe, Denson Turner sold him (Alson Isaacs) three cans of Beer and he also believes that Beer and intoxicating beverage is illegally possessed in a house, building or premises, owned or controlled by Denson Turner in a Local option territory for the purpose of sale and located and described as follows: Near Sand Gap one quarter off of Dry Fork ridge, near Alson Isaac home. That he bases the foregoing affidavit and his belief and grounds for same upon the following facts and for the following reasons: That he bought three cans of Beer off Denson Turner on Oct. 18, 1958 at about 6:30 P.M.

"Alson Isaacs

"Subscribed and sworn to before me by Alson Isaacs this 18th day of Oct 1958.

"Attest Allen Harrison J. __ C.C
"By Burnard Harrison P. C. J."

We note that the affiant's belief that Turner illegally possessed alcoholic beverages for the purpose of sale was based

upon the statement, "That he bought three cans of beer off Denson Turner on October 18, 1958, at about 6:30 p. m." The affidavit discloses that the affiant did not state where he purchased beer from Turner; that is, he did not say he bought it at Turner's home or in Jackson County or at any other place. Specifically, the affidavit fails to state that the affiant acquired the beer in question at the premises to be searched.

It is, therefore, apparent that the affidavit for the issuance of the search warrant for Turner's home is fatally defective in the particulars mentioned. Cases analogous to the one before us, wherein the location of the premises to be searched was not described as to house number, street, city, county or state, and where the search warrant was voided because of such nondisclosure, are: Pigg v. Commonwealth, Ky., 299 S.W.2d 796; Ruth v. Commonwealth, Ky., 298 S.W.2d 300; Baker v. Commonwealth, 311 Ky. 93, 223 S.W.2d 590; and Moore v. Commonwealth, 306 Ky. 22, 206 S.W.2d 69.

 The search warrant seems to have been issued by Allen Harrison, who is County Judge of Jackson County, by Burnard Harrison with the unexplained initials "P.C.J." following his name. This manner of affixing the county judge's signature to an affidavit by an agent renders such an instrument void. Allen Harrison could not legally delegate to anyone the right to sign his name to a search warrant. In Byrd v. Commonwealth, Ky., 261 S.W.2d 437, this Court held that a county judge could not vest another person with the right to sign his name to a search warrant, even though his name was signed to the instrument in his presence and pursuant to his direction.

Since the proof disclosed by the search must be eliminated, the only remaining evidence against Turner is that he had a bad reputation for trafficking in liquor and we have held such evidence, standing alone, is insufficient to sustain a conviction. De Attley v. Commonwealth,

310 Ky. 112, 220 S.W.2d 106, and Sullivan v. Commonwealth, 304 Ky. 780, 202 S.W.2d 619.

Wherefore, the motion for an appeal is sustained, the judgment is reversed and this action is remanded for proceedings consistent with this opinion.