Paul **CHILDERS**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 14, 1966.

that intoxicating liquors are being sold, manufactured, disposed of or illegally possessed in a house, building or premises owned and controlled by Paul D. Childers and located and described as follows: Third house on the right at Dicey Fork. Dicey Fork is the first on the right traveling east on KY 40, just west of Meally, Ky. Said house is a white frame house approximately four or five rooms with a front porch. A number of junked vehicles on the premises. That he bases the foregoing affidavit and his belief and grounds for same upon the following facts and the following reasons:

"He bought six cans of Blue Ribbon beer on May 14, 1965."

It will be noted that the affidavit failed to state from whom the beer was purchased, or where it was purchased. In Turner v. Commonwealth, Ky., 328 S.W.2d 413 (1959), a similar affidavit was before this Court, except it went further and stated from whom beer was purchased. Therein it was pointed out:

" * * * The affidavit discloses that the affiant did not state where he purchased beer from Turner; that is, he did not say he bought it at Turner's home or in Jackson County or at any other place. Specifically, the affidavit fails to state that the affiant acquired the beer in question at the premises to be searched.

"It is, therefore, apparent that the affidavit for the issuance of the search warrant for Turner's home is fatally defective in the particulars mentioned. * * *"

The affidavit in question here is even less specific than the one referred to in the Turner case. It merely states, "He bought six cans of Blue Ribbon beer on May 14, 1965." It is apparent the affidavit is fatally defective.

The judgment is reversed.

---

G. C. Perry, III, Paintsville, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

WILLIAMS, Judge.

Appellant Paul Childers was convicted in the Johnson Circuit Court of possessing alcoholic beverages for the purpose of sale in local option territory. The punishment imposed was one year in the State penitentiary.

Evidence obtained as a result of a search was introduced at the trial. The pertinent portion of the affidavit upon which a search warrant was based is as follows:

"The affiant, C. A. Flanery, whose post office address is Martin, Floyd County, State of Kentucky, states that he is a state ABC agent and that he has reasonable grounds to believe, and does believe,