Donald Ray COKER, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Melissa PRITCHARD, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Nos. 89–CA–2408–MR, 89–CA–2720–MR.

Court of Appeals of Kentucky.

March 8, 1991.

As Modified March 29, 1991.

James M. Clements, Louisville, for Donald Coker.

David E. Murrell, Murrell and Murrell, Louisville, for Melissa Pritchard.

Frederic J. Cowan, Atty. Gen., R. Levertis Bell, Sr., Asst. Atty. Gen., Frankfort, for appellee.

Before LESTER, C.J., and STUMBO and WILHOIT, JJ.

WILHOIT, Judge.

These consolidated appeals are of the convictions in the Jefferson Circuit Court of Donald Coker and Melissa Pritchard for trafficking in cocaine and possession of drug paraphernalia.

On December 30, 1988, a search warrant was issued by a district judge for search of the appellant Coker's apartment located at 814 Glen Hollow Road in Louisville, Kentucky. The warrant was supported by a sworn affidavit and described both the basis for the search and the premises to be searched. The affidavit set out probable cause to believe a hand grenade used in an assault was there. The appellant Melissa Pritchard was not named in either the search warrant or the affidavit supporting the search warrant.

Following a search of the premises at 814 Glen Hollow Drive, in which none of the items listed in the warrant were found, police made inquiries of neighbors and discovered that the appellant Coker was in the process of moving to 1107 Royal Gardens Court, Apartment # 2, Louisville, Kentucky.

An officer was dispatched between 6:15 and 6:30 p.m. to the Royal Gardens Court complex to determine if Coker was there. He returned to Glen Hollow and reported that Coker's car was not at Royal Gardens Court. The distance between the two apartments was approximately one and one-half to two miles and less than five minutes driving time. At 6:45 p.m. Coker arrived at the Glen Hollow location and was arrested.

After Coker was arrested, the lead detective called the district judge at his residence. She advised him of Coker's arrest and the new address. Although she was only seven to ten minutes from the judge's residence, he advised her to alter the search warrant by striking the Glen Hollow address and description and inserting the Royal Gardens Court address and description. The detective made the changes and the Royal Gardens Court apartment was searched. Cocaine, marijuana, and drug paraphernalia were seized from the apartment. After the search the altered warrant was presented to the judge for his signature.

The Jefferson Circuit Court denied appellant Coker's motion to suppress the evidence obtained at the Royal Gardens Court apartment, appellant Pritchard's motion to suppress that evidence, and her motion for a directed verdict based on insufficiency of the evidence. The motions to suppress were based on the United States and Kentucky Constitution.

The trial judge held that because the search warrant did not describe the Royal Gardens Court apartment, the warrant was invalid; however, without mentioning the Kentucky Constitution, the judge went on to find that under *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), "the Fourth Amendment exclusionary rule does not ban evidence obtained by officers acting in reasonable reliance on a search warrant issued by a neutral magistrate but later found to be invalid." In *Leon,* the Supreme Court of the United States held that evidence obtained as a result of a search warrant which later was determined to be technically deficient would not be suppressed if the police acted with objective reasonableness in relying on the warrant.

Section 10 of the Kentucky Constitution provides that "no warrant shall issue to search any place, or seize any person or thing, without describing them as nearly as may be, nor without probable cause supported by oath or affirmation." This section has long been held to require that the affidavit for a search warrant reasonably describe the property or premises to be searched and state sufficient facts to establish probable cause for the search of the property or premises. *Commonwealth v. Diebold,* 202 Ky. 315, 259 S.W. 705 (1924). Likewise, the warrant itself must contain a reasonably specific description of the object of the search. *William v. Commonwealth,* Ky., 261 S.W.2d 416 (1953). Neither the affidavit in support of the warrant issued by the district judge, nor the warrant which he signed based on that affidavit mentioned the premises at Royal Gardens Court or indicated that any evidence of a crime would be found there. No affidavit was ever presented to the judge to support a warrant for the search of those premises. At best he received an unsworn oral statement. It has also been long recognized that an oral statement is insufficient to support the issuance of a search warrant. *See Mills v. Commonwealth,* 195 Ky. 813, 243 S.W. 1022 (1922). The search of the Royal Gardens Court premises was made on a warrant so obviously invalid for that purpose that we are astonished that anyone would consider that the warrant was reasonably relied upon by the police, assuming arguendo that *Leon* is relevant to an analysis of Section 10. This case falls short even of providing the "bare bones" affidavit which *Leon* recognized would not give an officer reasonable grounds for believing the warrant was properly issued. *See United States v. Leon,* 468 U.S. at 923 n. 24, 104 S.Ct. 3405, at 3420 n. 24, 82 L.Ed.2d 677. This is a case in which the officer knew no affidavit at all had been given for a search of the apartment at Royal Gardens Court.

The search of the Royal Gardens Court apartment was illegal and any evidence seized there was improperly admitted at trial. The evidence against the appellant Coker was substantial, and we are aware that our decision will in all probability end this prosecution against him. Nevertheless, we must echo the court in *Youman v. Commonwealth*, 189 Ky. 152, 224 S.W. 860, 866 (1920), that "[W]e cannot give our approval to a practice like this. It is much better that a guilty individual should escape punishment than that a court of justice should put aside a vital fundamental principle of the law in order to secure his conviction."

 The appellant Pritchard also argues that she was entitled to a directed verdict based on insufficiency of the evidence. We agree. The evidence against this appellant when viewed most favorably to the prosecution was not sufficient for reasonable minds to conclude beyond reasonable doubt that she had trafficked in cocaine or possessed drug paraphernalia. Among other things, the evidence fell well short of establishing that this appellant exercised dominion and control over the premises at the time they were searched and the evidence seized. *See Dawson v. Commonwealth*, Ky., 756 S.W.2d 935 (1988).

The judgments of the trial court are reversed.

All concur.