UNITED STATES of America

v.

Kinley THOMAS, Appellant.

No. 92–3113.

United States Court of Appeals, District of Columbia Circuit.

Decided April 16, 1993.

Thomas W. Farquhar, Washington, DC (appointed by this Court), was on the brief for appellant.

Jay B. Stephens, U.S. Atty. at the time the brief was filed, John R. Fisher, Thomas C. Black, Peggy Kuo, Eric M. Acker and Edward F. McCormack, Asst. U.S. Attys., Washington, DC, were on the brief, for appellee.

Before WALD, RUTH BADER GINSBURG and SENTELLE, Circuit Judges.

Opinion for the Court PER CURIAM.

PER CURIAM:

On appeal from his conviction for two counts of distributing cocaine base and one count of distributing heroin, Kinley Thomas challenges the district court's order denying his motion to suppress tangible evidence. Thomas argues that the police officer's affidavit in support of the application for a search warrant for Thomas' house was inadequate because it offered no facts indicating that criminal activity occurred at the house. We affirm the district court's ruling.

On June 27, 1991, Metropolitan Police Department officers applied for a warrant to search a two-story red brick row house at 515—51st Street, N.E., where Thomas lived with his wife. The affidavit of Officer Burton, submitted in support of the warrant, stated that within the preceding 72 hours, Burton had received information from a reliable informant that Thomas was selling cocaine and heroin in the 900 block of N Street, N.W. The informant had previously provided the police department with information that led to twenty-five arrests and the seizure of narcotics. After receiving the informant's tip, an undercover offi-

cer observed Thomas in the 900 block of N Street, N.W. A second undercover officer purchased from Thomas with police department funds three ziplock bags containing white powder which tested positive for cocaine. The affidavit described the clothing Thomas wore during this transaction, and recounted that Thomas and the undercover officer discussed previous narcotics sales Thomas had made in the area.

The affidavit also detailed Burton's experience investigating narcotics trafficking. Burton stated that in his experience, drug dealers frequently keep business records, narcotics, proceeds from sales, and firearms in their houses. The affidavit also stated that Thomas was paroled in February 1991 from incarceration for convictions for assault with intent to kill while armed, armed robbery, and carrying a pistol without a license.

On June 27, 1991, District of Columbia Superior Court Judge Sylvia Bacon issued the warrant. It authorized the police to search Thomas' house for "books, ledgers, records and other documents" and the clothing Thomas wore during the sale to Myers that day. Members of the Metropolitan Police Department executed the warrant the next day. All of the clothing described in the warrant was recovered, as well as a magnetic key holder from which Thomas had sold Officer Myers cocaine on June 27, and the ten one dollar bills of prerecorded funds used to purchase cocaine from Thomas. A gun, some ammunition, and two plastic bags containing a white rocky substance were also seized. Following the search, Thomas was arrested and subsequently indicted on two counts of distributing cocaine, one count of distributing heroin, and one count of being a felon in possession of a firearm.

Thomas moved to suppress the items seized during the search. He argued that the rationale given by police for the warrant, that Thomas had been observed engaging in narcotics trafficking in the 900 block of N Street, N.W., was insufficient to support a finding of probable cause to believe that evidence of a crime would be found in Thomas' house at 515—51st

Street, N.E. The district court denied the motion to suppress. Thomas was convicted of two counts of distribution of cocaine and one count of distribution of heroin.

The task of a judicial officer from whom a search warrant is requested is "to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); *see also United States v. Laws*, 808 F.2d 92, 94 (D.C.Cir.1986) (affidavit must set forth sufficient facts to induce a "reasonably prudent person" to believe evidence of crime will be found). Hearsay in an affidavit does not render the information insufficient to establish probable cause, "so long as a substantial basis for crediting the hearsay is presented." *Illinois v. Gates*, 462 U.S. at 242, 103 S.Ct. at 2334. The reviewing court will not make a *de novo* determination of probable cause, but will uphold the decision to issue the warrant if it is supported by substantial evidence. *Massachusetts v. Upton*, 466 U.S. 727, 728, 104 S.Ct. 2085, 2085, 80 L.Ed.2d 721 (1984) (per curiam).

The totality of the circumstances supported Judge Bacon's issuance of the warrant. Although this court has not had the opportunity to address the question previously, other circuits have held that observations of illegal activity outside of the home can provide probable cause for the issuance of a search warrant for a suspect's house, even in the absence of an allegation that any illegal activity occurred in the home itself. *See, e.g., United States v. Riedesel*, 987 F.2d 1383 (8th Cir.1993) (lawful seizure of drugs from defendant's car provided probable cause to support issuance of warrant to search his house); *United States v. Angulo–Lopez*, 791 F.2d 1394, 1399 (9th Cir.1986) (probable cause existed to search defendant's residence, based on reasonable inference that suspect-

ed drug dealer would keep evidence at home); *United States v. Cruz,* 785 F.2d 399, 406 (2d Cir.1986) (probable cause found to search defendant's apartment, although no witness ever saw defendant or his associates use apartment). We agree with these rulings: observations of illegal activity occurring away from the suspect's residence, can support a finding of probable cause to issue a search warrant for the residence, if there is a reasonable basis to infer from the nature of the illegal activity observed, that relevant evidence will be found in the residence. Because substantial evidence supported a finding of probable cause to issue the warrant, the district court's judgment denying Thomas' motion to suppress tangible evidence is affirmed.

*So ordered.*