22 F.3d 1184
 306 U.S.App.D.C. 102
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Raul Alfonso MINOTT a/k/a Alberto Antonio Mooto, Appellant.
 No. 91-3311.
 United States Court of Appeals, District of Columbia Circuit.
 March 25, 1994.
 
 Before: EDWARDS, GINSBURG and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's convictions be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant challenges his convictions for distribution of cocaine and cocaine base, possession with intent to distribute cocaine and cocaine base, using or carrying a firearm during and in relation to a drug trafficking crime, and a variety of other drug-related offenses. He assigns as errors the district court's denial of his motion to suppress and of his request for a missing witness instruction, and questions the sufficiency of the evidence to sustain his conviction for "using or carrying" a firearm. We are not persuaded by appellant's arguments and therefore affirm.
 
 
 5
 First, there was a reasonable basis for the police to infer that relevant evidence would be found in appellant's apartment, and therefore that probable cause existed for the issuance of a search warrant. As the affidavit supporting the search warrant stated, undercover police Officer Dale Sutherland participated in a series of drug transactions in which appellant was the source of the drugs; Luz Villatoro would arrange for delivery of the drugs by calling a specific phone number and asking for "Raul"; phone company records showed the number was listed to appellant at 3636 16th Street, N.W., apartment 654B; on January 4, 1991, appellant was observed walking to and entering his apartment immediately after delivering cocaine to Villatoro and cooperating witness Susanna De Dios; and "[i]t is common for drug traffickers to secrete contraband, proceeds of drugs, records of drug transactions, [etc.] ... in secure locations to protect them from discovery by either law enforcement authorities or the competition." Affidavit in Support of Application for Search Warrant p 4. See United States v. Thomas, 989 F.2d 1252, 1255 (D.C.Cir.1993) (per curiam).
 
 
 6
 Even if the affidavit did not sufficiently establish a finding of probable cause, the record suggests that "the executing officers justifiably relied in good faith on the [Superior Court judge's] determination that probable cause existed," United States v. Salamanca, 990 F.2d 629, 634 (D.C.Cir.), cert. denied, 114 S.Ct. 337 (1993), and that the affidavit was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," Leon, 468 U.S. at 923. Appellant's argument to the contrary is unavailing.
 
 
 7
 Second, appellant and his counsel were aware since the beginning of trial that the government did not intend to call De Dios as a witness. Yet appellant never sought the district court's assistance in securing De Dios's presence at trial and did not raise De Dios's absence as an issue until after the close of the government's case-in-chief. His failure to do so suggests that he "sought the dual benefit of avoiding [De Dios's] potentially harmful testimony at trial, while at the same time obtaining the advantage of a negative inference drawn by the jury about the government's failure to produce [De Dios] as a witness." United States v. Spinosa, 982 F.2d 620, 633 (1st Cir.1992). In these circumstances, the district court was under no obligation to grant appellant's request for a missing witness instruction. See United States v. Torres, 845 F.2d 1165, 1170 (2d Cir.1988).
 
 
 8
 Moreover, any testimony by De Dios apparently would have added little to the government's case against appellant which--based on the direct testimony of the undercover officer and Villatoro, the videotapes of appellant's comings and goings from 3300 16th Street, and tape recordings of relevant conversations and transactions--was overwhelming. Because De Dios's testimony would have been largely cumulative or irrelevant, no inference that she would have given testimony adverse to the government is warranted. See United States v. Norris, 873 F.2d 1519, 1522 (D.C.Cir.1989). Thus, the district court did not abuse its discretion in refusing to give a missing witness instruction.
 
 
 9
 Last, the presence of the fully-loaded 9-mm pistol under the mattress of appellant's bed was enough to allow a reasonable juror to conclude that appellant had dominion and control over the gun. There was also ample evidence from which a reasonable juror could infer that the firearm actually facilitated the possession of the drugs, i.e., that the gun was employed to guard the stash of drugs in appellant's apartment. See United States v. Derr, 990 F.2d 1330, 1337 (D.C.Cir.1993). The gun was readily accessible to appellant for use in an emergency, was fully loaded, and, according to the government's expert witness, is the "weapon of choice" for a drug dealer who wants to protect his stash of drugs.
 
 
 10
 The instant case is far more clear-cut than United States v. Robinson, 997 F.2d 884 (D.C.Cir.), vacated and reh'g in banc granted, 997 F.2d 897 (D.C.Cir.1993), and United States v. Bailey, 995 F.2d 1113 (D.C.Cir.), vacated and reh'g in banc granted, 4 F.3d 1004 (D.C.Cir.1993). Unlike Robinson and Bailey, there is no question in this case that the gun was easily accessible to appellant in the event of an emergency.