**UNITED STATES of America**

**v.**

**Calvin SUMLER, Michael Jefferson, Gerald Smith, Vernon Washington, a.k.a. Gink, Larry Walker, Jr.**

**Crim. Action No. 95–00154.**

United States District Court,
District of Columbia.

April 1, 1996.

**250**

James Lawrence Lyons, Kellogg, Williams & Lyons, Washington, DC, for Gregory Alston.

Thomas Abbenante, Washington, DC, for Calvin Sumler.

Cheryl Denise Stein, Washington, DC, for Aaron Chris Rogers.

Thomas Todd Heslep, Washington, DC, for Michael Jefferson.

Robert Ernest Sanders, Washington, DC, for Antonio Avery.

Patrick Michael Donahue, Collins & Donahue, Washington, DC, for Adrian Harley.

Leonard E. Birdsong, Chavers & Birdsong, Washington, DC, for Kahron Sarter.

William Jackson Garber, Washington, DC, Alan Drew, Upper Marlboro, MD, Pleasant S. Brodnax, III, Alexandria, VA, for Gerald Smith.

Jensen Egerton Barber, Barber & Lepley, Washington, DC, for Vernon Washington.

Marie Elise Haldane, Washington, DC, for Raymond Harris.

Christopher Michael Davis, Davis & Davis, Washington, DC, for Larry Walker, Jr.

H. Heather Shaner, Washington, DC, Joanne Roney Hepworth, J. Roney Hepworth & Associates, Washington, DC, for George Townsend.

Jane Carol Norman, Washington, DC, for Verna Perry.

## MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

This matter comes before the Court on motions by Defendants Walker and Sumler to suppress evidence.

## FACTS

Defendants are charged in a fifty-four count superseding indictment which contains allegations of a narcotics conspiracy and certain RICO violations. The initial indictment was returned on July 7, 1995, and law enforcement officials applied for search warrants for three locations on the same day. The locations that were the subject of the warrants were the primary residences of the two moving Defendants. Law enforcement agents submitted a detailed 29 page affidavit in support of their warrant application. The affidavit, *inter alia:* summarized the agent's training and experience; described the alleged criminal activities of the Defendants and the alleged "racketeering" organization; summarized the information obtained from confidential sources; described the connection between the Defendants and the property to be searched; and described the items to be seized.

The application for the warrants and the affidavit in support thereof were reviewed by neutral magistrates in both the District of Columbia and Maryland. Both found that there was sufficient probable cause to justify the requested searches and issued warrants that were executed on July 11, 1995.

Defendants Walker and Sumler seek to suppress the evidence gathered as a result of the searches on the grounds that the warrants were over broad, and the affidavit did not support the two magistrates' findings of probable cause.

## ANALYSIS

The Court notes that the detailed affidavit submitted in support of the warrants at issue here was reviewed and approved by two neutral magistrate judges. As the Supreme Court has noted:

"Reasonable minds frequently may differ on the question whether a particular affidavit establishes probable cause, and we have thus concluded that the preference for warrants is most appropriately effectuated by according 'great deference' to a magistrates determination." *United States v. Leon,* [468 U.S. 897, 914,] 104 S.Ct. 3405, 3416 [82 L.Ed.2d 677] (1984).

With that in mind, the Court first turns to the claim that the warrants were over broad.

■ The Fourth Amendment prohibits the "general, exploratory rummaging [of] a person's belongings" by requiring "a 'particular description' of the things to be seized". *U.S. v. Maxwell*, 920 F.2d 1028, 1031 (D.C.Cir.1990) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 467, 91 S.Ct. 2022, 2039, 29 L.Ed.2d 564 (1971)). In this case the Court has examined the detailed affidavit submitted in support of the application for the warrants. It contains an itemized list of the items subject to seizure, which is attached to the affidavit as Schedule A. The list is broken down into seven categories of documents, and is sufficiently detailed and tailored to allow only the seizure of items related to the alleged criminal acts of the defendants. It is not an overly inclusive list and is not "blatantly open-ended" *U.S. v. Nicely*, 922 F.2d 850, 859 (D.C.Cir.1991). Therefore, the Court finds that the warrants were not overly broad.

The Defendants have also asserted that the warrants were not supported by probable cause. They state that there is no allegation of a specific crime having been committed on the premises sought to be searched and that the information detailed in the affidavit was stale and therefore cannot support a finding of probable cause.

■ On the issue of the connection between the criminal activity and the premises to be searched, there is no requirement that the premises to be searched be the scene of actual criminal activity. "A magistrate need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit." *United States v. Ocampo*, 937 F.2d 485, 490 (9th Cir.1991) *quoting, United States v. Fannin*, 817 F.2d 1379, 1382 (9th Cir.1987). In making that determination, the magistrate is free to rely on the conclusions of experienced police officers regarding where evidence is likely to be found. *Id.* As this Circuit stated in adopting this approach:

> "[O]bservations of illegal activity outside of the home can provide probable cause for the issuance of a search warrant for a suspects house, even in the absence of an allegation that any illegal activity occurred

in the home itself." *U.S. v. Thomas*, 989 F.2d 1252, 1254 (D.C.Cir.1993).

On the basis of the record, this Court will not disturb the magistrates' findings that there was probable cause to search the Defendants' residences.

■ On the issue of whether the information was too stale to support a finding of probable cause, it is clear that given the nature of the criminal activity that has been alleged *i.e.* a continuing conspiracy to distribute narcotics, the Government is permitted to rely on information gathered over the course of its investigation. *See, United States v. Wagner*, 989 F.2d 69, 75 (2d Cir.1993), *Rivera v. United States*, 928 F.2d 592, 602 (2d Cir.1991), *United States v. Rowell*, 903 F.2d 899, 903 (2d Cir.1990). The sworn affidavit submitted in support of the warrants contains sufficient information regarding the ongoing nature of the activities to support the searches that took place.

■ The Defendants have not put in issue the substance of the affidavits. They question solely whether based upon the information contained in the affidavit, the judicial officer acted properly in issuing the search warrants. Thus, it is clear that the officers who executed the warrants did so in reliance on the determinations of two neutral magistrates. The officers complied with all the requirements for obtaining the warrants, including the submission of a detailed affidavit. The reliance of the officers on the independent determinations made by two magistrates was "objectively reasonable" and therefore, under the circumstance of this case, the officers acted in good faith in executing the warrants. *United States v. Leon*, 468 U.S. at 922, 104 S.Ct. at 3420.

Based upon an examination of the record and the submissions of the parties in this case, the motions of Defendants Sumler and Walker to suppress evidence are denied.