**Carolyn GUTH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 1999–CA–001977–MR.

Court of Appeals of Kentucky.

Sept. 15, 2000.

Stephan Charles, Manchester, for Appellant.

Albert B. Chandler, III, Attorney General, John E. Zak, Assistant Attorney General, Frankfort, for Appellee.

Before: BUCKINGHAM, JOHNSON, and TACKETT, Judges.

*OPINION*

BUCKINGHAM, Judge.

Carolyn Guth appeals from a judgment of the Clay Circuit Court wherein she was convicted of first-degree possession of a controlled substance (cocaine) and sentenced to two years in prison. The issue involves the admissibility of the fruits of a search of her residence. We believe the trial court erroneously denied Guth's motion to suppress the evidence and thus reverse and remand.

On April 7, 1997, Officer Todd Roberts, who had been a police officer with the Manchester City Police Department for six months, signed an affidavit for a search warrant for a trailer located on Route 6 in Manchester, Kentucky. The affidavit requested a warrant to search for illegal drugs, alcoholic beverages, materials used in the manufacture of drugs, and records used in drug trafficking. In support of the request to search the premises, the affidavit stated that the officer had earlier that day observed "DARIAN GUTH SELL A EIGHT BALL OF COCAINE TO JEFF SULLIVAN FOR $200.00. THE TRANSACTION WAS MADE IN A CONTROLLED ENVIRONMENT AND OBSERVED BY OFFICERS KEVIN JOHNSON AND SAM DAVIDSON, AND RANDY RADER." The affidavit failed to disclose the location of the drug transaction and, in fact, it occurred in a motel parking lot four or five miles from the residence.

Based on the affidavit, a search warrant for the premises was issued and Carolyn Guth, Darian's mother, who also lived in the mobile home, was arrested and charged with first-degree trafficking in a controlled substance (cocaine). Guth filed a motion to suppress the evidence seized at her residence, to which the Commonwealth did not file a response and orally stated to the court that it would not concede that the warrant was invalid nor would it assert that it was valid. The Commonwealth did acknowledge to the court that it would concede that the issue of probable cause was limited to the information given in the affidavit. There is no indication in the record that any sworn testimony was given by any witness at the suppression hearing.

In denying Guth's suppression motion, the trial court first noted that the omission of the information that the drug transaction occurred several miles from the residence misled the judge who issued the search warrant.[1] Stating that the affidavit was sufficient on its face to support probable cause to issue the warrant, however, the court then cited *Commonwealth v. Smith*, Ky.App., 898 S.W.2d 496 (1995), which held as follows:

> To attack a facially sufficient affidavit, it must be shown that (1) the affidavit contains intentionally or recklessly false statements, and (2) the affidavit, purged of its falsities, would not be sufficient to support a finding of probable cause. The same basic standard also applies when affidavits omit material facts. An affidavit will be vitiated only if the defendant can show that the police omitted facts with the intent to make, or in reckless disregard of whether the omission made, the affidavit misleading *and* that the affidavit, as supplemented by the omitted information, would not have been sufficient to support a finding of probable cause.

*Id.* at 503. The court then stated there was no showing that the police either intentionally or recklessly omitted facts in order to make the affidavit misleading and that even if the omitted information had been given, there would still have been probable cause to search the residence. Further, the court cited a federal case for the proposition that a finding of probable cause to issue a search warrant may be upheld under similar facts where there was a reasonable basis to infer from the nature of the illegal activity observed that relevant evidence would be found in the residence. *See United States v. Thomas*, 989 F.2d 1252 (D.C.Cir.1993). Finally, the court cited *Crayton v. Commonwealth*, Ky., 846 S.W.2d 684 (1992), wherein the Kentucky Supreme Court adopted the "good faith" exception to the warrant requirement, and held that "the omitted material would support a finding of probable cause" based on the good faith exception. Following the court's denial of her motion,

1. The judge who issued the order denying Guth's suppression motion was Judge Mari-cle, and the judge who issued the search warrant was Judge House.

Guth entered a conditional guilty plea[2] to a lesser offense of first-degree possession of a controlled substance and was sentenced to two years in prison. This appeal by Guth followed.

■ Section 10 of the Kentucky Constitution provides in part that "no warrant shall issue to search any place, or seize any person or thing, without describing them as nearly as may be, nor without probable cause supported by oath or affirmation." This court held in *Coker v. Commonwealth*, Ky.App., 811 S.W.2d 8 (1991), that "[t]his section has long been held to require that the affidavit for a search warrant reasonably describe the property or premises to be searched *and state sufficient facts to establish probable cause for the search of the property or premises.*" *Id.* at 9 (emphasis added). We agree with Guth that the affidavit for the search warrant was not valid on its face. It merely stated that the observed drug transaction "was made in a controlled environment," and it neither alleged that the controlled environment was Guth's residence nor did it allege any connection between the place where the transaction took place and the residence.

The three cases cited by Guth in her brief all involve the illegal sale of alcohol in a dry territory and are otherwise factually similar to this case. In *Pigg v. Commonwealth*, Ky., 299 S.W.2d 796 (1957), an affidavit for a search of Pigg's residence alleged only that Pigg sold a quantity of whiskey in a restaurant. *Id.* at 797. The court held that such an allegation did not constitute probable cause for believing that Pigg possessed whiskey in his residence. *Id.* at 798.

■ In *Turner v. Commonwealth*, Ky., 328 S.W.2d 413 (1959), the court struck down a search warrant for a residence that was based on an affidavit which did not allege where the alcoholic beverages were purchased. *Id.* at 415. Similarly, in *Childers v. Commonwealth*, Ky., 407 S.W.2d 134 (1966), the court noted that an affidavit in support of a search warrant for a residence was insufficient since it merely alleged that the resident sold six cans of beer but did not allege where the beer was purchased. *Id.* at 135. In short, because the affidavit in this case alleged only that the drug transaction upon which it was based occurred in a "controlled environment," we believe the affidavit was insufficient to constitute probable cause to search the residence.[3]

The trial court also relied on the *Thomas* federal case for the proposition that a finding of probable cause to issue a search warrant for a residence may be upheld based on observations of drug trafficking occurring away from the residence if there is a reasonable basis to infer from the nature of the observations that relevant evidence would be found in the residence. In *Thomas*, however, the affidavit detailed the officer's experience in investigating drug trafficking and stated that, in the officer's experience, drug dealers frequently keep business records, drug sale proceeds, and firearms in their residences. 989 F.2d at 1254. No information of this nature is included in the affidavit in this case, however. Likewise, in the other case cited by the trial court, *United States v. Angulo–Lopez*, 791 F.2d 1394 (9th Cir. 1986), the search warrant affidavit contained additional information from the officers justifying the search of the residence. *Id.* at 1399. In the absence of an allegation in the affidavit which would link the drug transaction to the residence, we are

---

**2.** *See* Kentucky Rules of Criminal Procedure (RCr) 8.09.

**3.** The Commonwealth argues that these three illegal alcohol sale cases are not relevant because Kentucky courts have since adopted the "totality of the circumstances" test. *See*

*Beemer v. Commonwealth*, Ky., 665 S.W.2d 912 (1984). Even so, the affidavit must "state sufficient facts to establish probable cause for the search of the property or the premises." *Coker*, 811 S.W.2d at 9. Such facts are clearly not present in this case.

unpersuaded that we should follow these federal cases rather than *Coker*.[4]

■ The trial court also made reference to the "good faith" exception to the warrant requirement as set forth in *Crayton*, 846 S.W.2d 684. In *Crayton*, the Kentucky Supreme Court held that the good faith exception to the warrant requirement, as set forth by the Supreme Court of the United States in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), does not violate Section 10 of the Kentucky Constitution. *Crayton*, 846 S.W.2d at 689. In discussing the *Leon* case as it relates to evidence obtained pursuant to a search warrant, the *Crayton* court stated that "the [Leon] Court held that the officer must have an objectively reasonable belief in the sufficiency of the warrant and the probable cause determination. If the affidavit contains false or misleading information, the officer's reliance cannot be reasonable." *Id.* at 687–88. The court in the case sub judice acknowledged that the affidavit misled the issuing judge concerning the location of the transaction. We agree. Because the officer supplied information which misled the judge, the officer cannot be said to have had an objectively reasonable belief in the probable cause determination. *See Id.* Therefore, the good faith exception was not applicable.

■ Citing *Smith*, 898 S.W.2d 496, the trial court in this case also held that the two-part test required to attack a facially sufficient affidavit was not met by Guth. The court stated that even if the omitted information had been supplemented, there would still have been probable cause to search the residence. We disagree with the court's analysis for two reasons. First, we believe the affidavit was facially insufficient for the reasons stated above. Second, had the omitted information—the fact that the transaction took place four or five miles away—been supplemented into the affidavit, there would not have been probable cause for the issuance of the search warrant due to the lack of any specific allegations as to why it was suspected that illegal drugs would be found in the residence.

For the foregoing reasons, we reverse the judgment and sentence of the trial court and remand this matter for proceedings consistent with this opinion.

ALL CONCUR.

4. We do not necessarily agree with the propositions cited by the federal courts in *Thomas* and in *Angulo–Lopez* at any rate. In *State v. Thein*, 138 Wash.2d 133, 977 P.2d 582 (1999), the Supreme Court of Washington held that "[m]ost courts, however, require that a nexus between the items to be seized and the place to be searched must be established by specific facts; an officer's general conclusions are not enough." *Id.* at 588. The *Thein* court ruled that evidence sufficient to permit an inference that the defendant was involved in drug dealing did not also establish a reasonable inference that evidence of the crime could be found in his residence. *Id.* at 590. *See also United States v. Schultz*, 14 F.3d 1093 (6th Cir.1994), where the court held that an officer's training and experience may be considered in determining probable cause but that "it cannot substitute for the lack of evidentiary nexus...." *Id.* at 1097.