William L. Knopf, Senior Judge, filed dissenting opinion.

**Stephon D. BECKAM, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2008–CA–000277–MR.

Court of Appeals of Kentucky.

April 24, 2009.

Linda Roberts Horsman, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Christian K.R. Miller, Assistant Attorney General, Frankfort, KY, for appellee.

Before LAMBERT and VANMETER, Judges; KNOPF,[1] Senior Judge.

## OPINION

VANMETER, Judge.

Stephon D. Beckam appeals from the Meade Circuit Court's judgment sentencing him to a total of twelve months' imprisonment after a jury found him guilty of several drug-related offenses. Beckam argues that the trial court erred by failing to suppress evidence found at his home pursuant to the execution of a search warrant. For the following reasons, we affirm.

Ray Cottrell, Jr., the manager of Ray's Ford, contacted police in January 2007, concerning "suspicious conduct" by Beckam, who had rented several vehicles from Ray's Ford since December 2006. Cottrell told Kentucky State Police Trooper Ezra Stout that Beckam first rented a Ford Fusion. When the car was returned a week later, it had been driven more than 2,000 miles, it contained a large amount of alleged drug residue, its back seat had been removed and damaged, and the spare tire had been removed. Next, Beckam rented a Ford Freestar van that, when returned two days later, had been driven 290 miles and contained a large amount of alleged drug residue. Although the car

---

1. Senior Judge William L. Knopf sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

had already been cleaned, the officer field tested the material in the van and obtained positive results for marijuana. The officer also took from Cottrell an electronic scale which had been retrieved from one of the rented vehicles.[2] At the time the officer interviewed Cottrell, Beckam was in possession of a third rental car from Ray's Ford, a Ford Taurus.

Officer Stout's subsequent investigation revealed that Beckam and his wife had prior criminal records for possession and/or trafficking of controlled substances, possession of drug paraphernalia, and various other offenses. The officer also determined that the address Beckam listed on his rental car agreements was the same as the address listed on his driver's license record.

Asserting the foregoing, Officer Stout filed an affidavit for a search warrant for: Beckam's residence at the aforementioned address, the physical appearance of which was described in great detail; the rented Ford Taurus; a black SUV titled to Beckam's wife; and Beckam and his wife's persons. A search warrant was granted and executed, resulting in the seizure of many items from Beckam's residence including a "set of black battery operated scales," drug paraphernalia, and controlled substances.

After his indictment, Beckam moved to suppress the evidence obtained as a result of the execution of the search warrant. As is relevant to this appeal, Beckam argued that Officer Stout's affidavit did not provide a sufficient nexus for authorizing a warrant to search his residence. The trial court denied Beckam's suppression motion, and the matter proceeded to trial, where a jury found Beckam guilty of second-degree possession of a controlled substance, possession of drug paraphernalia, and posses-

sion of marijuana. The trial court sentenced Beckam to a total of twelve months' imprisonment, and this appeal followed.

Beckam argues that the trial court erred by failing to suppress the fruits of the search of his residence. We disagree.

■■■ An affidavit supporting a search warrant must " 'reasonably describe the property or premises to be searched *and state sufficient facts to establish probable cause for the search of the property or premises.'* " *Guth v. Commonwealth,* 29 S.W.3d 809, 811 (Ky.App.2000) (emphasis added) (quoting *Coker v. Commonwealth,* 811 S.W.2d 8, 9 (Ky.App.1991)). The test for probable cause is whether, under the totality of the circumstances, a fair probability exists that contraband or evidence of a crime will be found in a particular place. *Moore v. Commonwealth,* 159 S.W.3d 325, 329 (Ky.2005). When reviewing the issuance of a search warrant, we must give great deference to the warrant-issuing judge's findings of probable cause and must not reverse unless the court arbitrarily exercised its discretion. *Id.*

■■ We note that hearsay information may "be the basis of probable cause to search and there is no need for a specific showing of a named informant's reliability." *Commonwealth v. Hubble,* 730 S.W.2d 532, 534 (Ky.App.1987). The "issuing magistrate is simply to make a practical, common-sense decision … given all the circumstances set forth in the affidavit before him, including the 'veracity' and the 'basis of knowledge' of persons supplying hearsay information[.]" *Beemer v. Commonwealth,* 665 S.W.2d 912, 914 (Ky.1984) (quoting *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983)).

---

**2.** Officer Stout indicated in his affidavit that the scale was taken from the van; however, he testified at the suppression hearing that the scale was taken from the car.

■ In *United States v. McClellan,* 165 F.3d 535, 546 (7th Cir.1999), the DEA Agent attested in the affidavit supporting the search warrant for McClellan's residence

> that she received information from her source of information that McClellan "was preparing to transport approximately 600 pounds of marijuana from Tucson, AZ to Pittsburgh, PA," and that he had been "arrested in possession of 210 pounds of marijuana at the Budget Inn located in Daleville, Indiana." Agent Lucio also related [a co-defendant's] statements that "she had seen Ottis [sic] McClellan back-up his pick-up truck to a storage facility, located at the residence on Summit and unload bundles of marijuana into the storage facility" and "that, in the past, she had delivered monetary proceeds ... from the sale of the narcotics to Ottis [sic] McClellan's residence, located at 2760 E. Summit, Tucson, AZ."

The court held that based upon this evidence, the magistrate was justified in inferring that McClellan was engaged in marijuana trafficking. Further, " 'in issuing a search warrant, a magistrate is entitled to draw reasonable inferences about where the evidence is likely to be kept, based on the nature of the evidence and the type of offense, *and that in the case of drug dealers evidence is likely to be found where the dealers live.'* " *Id.* (emphasis added) (quoting *United States v. Reddrick,* 90 F.3d 1276, 1281 (7th Cir.1996)). Several additional federal circuits have reached similar results. *See United States v. Miggins,* 302 F.3d 384, 393–94 (6th Cir.2002) (discussing cases from First, Second, Fourth, Sixth, Eighth, Ninth, and D.C. Circuits). We see the principle as one essentially of common sense, *Beemer,* 665 S.W.2d at 914, and adopt it as our own.

Here, the conditions of the two rental cars permitted the inference that Beckam might be involved in drug trafficking. Further, the principle recognized in the federal circuit court decisions discussed above permitted the inference that evidence of Beckam's drug trafficking might be found at his home. Accordingly, we cannot hold that the trial court erred by denying Beckam's suppression motion.

The Kentucky Supreme Court utilized similar reasoning in *Moore v. Commonwealth,* 159 S.W.3d 325, 329 (Ky.2005), in which a search warrant for Moore's residence was granted based upon an affidavit alleging that Moore had opened a bank account using fraudulent information and had made two fraudulent car purchases through the account scam. The court upheld the warrant, reasoning:

> The bank-informant described at least one of the instruments used to fund the account as a "computer generated check".... [I]t is known from this fact alone that a computer was used to make the instrument. It was highly likely that Moore used a computer or similar machine in the secrecy of his home. Thus, such a description of the instrument and the certainty that Moore was passing the instruments gave information that provided a nexus between the crime and the place.

*Moore,* 159 S.W.3d at 330.

■ Alternatively, we agree with the Commonwealth's argument that even if probable cause did not support the issuance of the warrant, the evidence found at Beckam's residence would be admissible pursuant to the good-faith exception to the exclusionary rule set out in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), and adopted in *Crayton v. Commonwealth,* 846 S.W.2d 684 (Ky.1992). This court recently explained the *Leon* exception as follows:

Historically, a violation of the Fourth Amendment required the automatic suppression of the evidence seized. However, in *Leon, supra,* the Supreme Court reversed this *per se* suppression rule and added what we know today as the "good faith exception." The Supreme Court in *Leon* held an officer's reasonable reliance on a search warrant issued by a neutral and detached magistrate could save evidence from being excluded when the warrant was later determined to be deficient for lack of probable cause. However, the Court went on to add that if the magistrate had been misled with false information, any evidence seized should be suppressed as the officer's reliance on the search warrant could not be seen as reasonable. Further, if the magistrate abandons the "detached and neutral" judicial role or if the officer's belief in the existence of probable cause was wholly unreasonable, suppression of evidence remains available as a remedy.

*Hensley v. Commonwealth,* 248 S.W.3d 572, 577 (Ky.App.2007).

Here, the only potentially false statement in the affidavit was that the scale was taken from the rental van, when it may in fact have been taken from the rental car as Officer Stout testified. However, since Cottrell indicated that he obtained the scale from one of the vehicles Beckam rented, any mistake regarding which vehicle yielded the scale was immaterial to the determination of probable cause. Further, as neither party has suggested that the magistrate abandoned his "detached and neutral" judicial role, the good-faith exception is applicable unless Officer Stout's belief in the existence of probable cause for the search was wholly unreasonable.

While we have held that the affidavit supported a determination of probable cause for the search of Beckam's residence, we also recognize that this court reached a different result in arguably similar circumstances in *Guth v. Commonwealth,* 29 S.W.3d 809 (Ky.App.2000). In that case, a search warrant was issued for Guth's residence based upon an affidavit that stated Guth sold cocaine to a man for $200 "in a controlled environment[.]" *Id.* at 810. This court held that the affidavit was invalid on its face since it "neither alleged that the controlled environment was Guth's residence nor did it allege any connection between the place where the transaction took place and the residence." *Id.* at 811. In fact, the drug transaction took place in a motel parking lot some four or five miles from Guth's residence. *Id.* at 810.

Were we to have relied upon *Guth* as opposed to *Moore* and the weight of the federal cases, we could not have held that the officer's belief in the existence of probable cause below was wholly unreasonable. *See* 29 Am.Jur.2d *Evidence* § 616 (2008) ("[w]here evidence is sufficient to create disagreement among thoughtful and competent judges as to the existence of probable cause, it cannot be said that police officers who provide a truthful affidavit to a neutral magistrate who then issues a warrant are not objectively reasonable in believing that they have probable cause"). The trial court therefore did not err by denying Beckam's motion to suppress the fruits of the search of his residence.

The Meade Circuit Court's judgment is affirmed.

LAMBERT, JUDGE, CONCURS.

KNOPF, SENIOR JUDGE, DISSENTS AND FILES SEPARATE OPINION.

KNOPF, Senior Judge, dissenting:

Respectfully I dissent. There was no nexus established, or even hinted at, in the affidavit supporting the search warrant, between the rented vehicles in the possession of Cottrell and the residence to be searched. The motion to suppress should have been granted.