RENDERED: JANUARY 27, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0162-MR

TIMOTHY HUTCHINSON                                               APPELLANT

v.
APPEAL FROM GRAVES CIRCUIT COURT
HONORABLE JOSEPH CASTLEN, SPECIAL JUDGE
ACTION NO. 19-CR-00331

COMMONWEALTH OF KENTUCKY                                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND MCNEILL, JUDGES.

MCNEILL, JUDGE: On August 13, 2019, Detective Brooke Amberg conducted a

valid traffic stop on Holly Garcia (Garcia), in Graves County, Kentucky. Detective

Amberg discovered syringes in Garcia's possession that field-tested positive for

methamphetamine. Garcia volunteered that she had information concerning her

supplier, the Appellant, Timothy Hutchinson (Hutchinson). During a formal

interview, Garcia disclosed that she had purchased drugs from Hutchinson on

multiple occasions and had observed him in possession of drugs at his residence. Detective Amberg verified that Hutchinson lived at the address provided by Garcia and then contacted the Kentucky State Police, which revealed that Hutchinson had prior drug convictions. Based on this information, Detective Amberg prepared an affidavit and applied for a search warrant. The warrant was issued and executed. A search result of Hutchinson's home revealed various illegal drugs, paraphernalia, and firearms.

Hutchinson was indicted on multiple criminal offenses as a result. He filed a motion to suppress the evidence based on lack of probable cause, which was denied by the trial court. Thereafter, Hutchinson entered a guilty plea upon the condition that his suppression motion may be appealed. He now appeals as a matter of right. His sole issue on appeal is that due to the absence of probable cause for the issuance of the search warrant, the circuit court's failure to grant his suppression motion constitutes reversible error. For the following reasons, we disagree.

## STANDARD OF REVIEW

Our standard of review of the trial court's denial of a suppression motion is twofold. First, the trial court's findings of fact are conclusive if they are supported by substantial evidence; and second, the trial court's legal conclusions are reviewed *de novo*. *Commonwealth v. Marr*, 250 S.W.3d 624, 626 (Ky. 2008).

The key concern is whether, based on the totality of the circumstances, there was a substantial basis for concluding that probable cause existed. *Commonwealth v. Pride*, 302 S.W.3d 43, 48 (Ky. 2010). Particularly relevant to the present case is the standard outlined in *Guth v. Commonwealth*:

> To attack a facially sufficient affidavit, it must be shown that (1) the affidavit contains intentionally or recklessly false statements, and (2) the affidavit, purged of its falsities, would not be sufficient to support a finding of probable cause. The same basic standard also applies when affidavits omit material facts. An affidavit will be vitiated only if the defendant can show that the police omitted facts with the intent to make, or in reckless disregard of whether the omission made, the affidavit misleading *and* that the affidavit, as supplemented by the omitted information, would not have been sufficient to support a finding of probable cause.

29 S.W.3d 809, 810 (Ky. App. 2000) (citation omitted). *See also Smith v. Commonwealth*, 323 S.W.3d 748, 754 (Ky. App. 2009). With these standards in mind, we now turn to the specific facts and argument presented on appeal.

## ANALYSIS

The underlying basis for Hutchinson's argument here is that the Kentucky State Police provided Detective Amberg with incorrect information concerning Hutchinson's criminal history, which she then used as a basis to support the warrant request pursuant to the affidavit. It appears that Detective Amberg was provided with incorrect information concerning several of

Hutchinson's previous drug convictions.  Nevertheless, there is nothing indicating that the "affidavit contains intentionally or recklessly false statements . . . ." *Guth*, 29 S.W.3d at 810.  And we cannot conclude that "the affidavit, purged of its falsities, would not be sufficient to support a finding of probable cause." *Id*.  More precisely, even if several of Hutchinson's reported criminal offenses were incorrect, Garcia's detailed attestations contained in the affidavit would be sufficient for a judge to find probable cause to issue a search warrant.  For example,

> [w]hile an informant's veracity, reliability, and basis of knowledge are all relevant considerations in the totality of the circumstances analysis, they are not conclusive and a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.

*Lovett v. Commonwealth*, 103 S.W.3d 72, 77-78 (Ky. 2003) (internal quotation marks omitted).  Hutchinson has failed to present any evidence of Garcia's unreliability and we discern no clear evidence of such from the record presented.  Therefore, we hold that the circuit court did not err in denying Appellant's motion to suppress.

## CONCLUSION

For the foregoing reasons, we hereby affirm the judgment of the Graves Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Karen Shuff Maurer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky