**UNITED STATES of America, Appellee**

v.

**Terre S. WALTERS, Appellant.**

No. 08–3101.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 1, 2009.

David P. Saybolt, U.S. Attorney's Office, Washington, D.C., for Appellee.

Brian Keith McDaniel, McDaniel & Associates, Lara Gabrielle Quint, Federal Public Defender for D.C., Washington, D.C., for Appellant.

Before: SENTELLE, Chief Judge, ROGERS, Circuit Judge, and EDWARDS, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This cause was considered on the record from the United States District Court for the District of Columbia, and was briefed and argued by counsel. It is

ORDERED AND ADJUDGED that the judgment of the District Court be affirmed on the limited grounds given in this judgment.

Appellant Kevin Walters challenges the District Court's denial of his motion to suppress tangible evidence seized from a search of his car and a later search of his residence. *United States v. Walters*, 563 F.Supp.2d 45 (D.D.C.2008). The arguments raised by Walters on appeal do not demonstrate a Fourth Amendment violation as to either search.

■ Appellant first argues that the search of his car was unlawful because the initial stop for a traffic violation was pretextual. However, a stop is reasonable under the Fourth Amendment so long as the police have probable cause to believe that a traffic violation has occurred, regardless of the officers' actual motivations for the stop. *United States v. Mapp*, 476 F.3d 1012, 1016 (D.C.Cir.2007) (citing *Whren v. United States*, 517 U.S. 806, 810, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)). The District Court properly found that the officers who stopped Walters had probable cause to believe that his car windows were tinted in violation of District of Columbia law. *See Walters*, 563 F.Supp.2d at 48–49. The officers therefore executed a permissible stop.

The officers testified that as they approached Walters' vehicle during the stop for the tint violation, they smelled burnt marijuana and Walters appeared nervous, his hands visibly shaking. *See id.* at 47. In response to a question as to whether he had any narcotics on his person or in the vehicle, Walters "made a quick motion towards his right side" and one of the officers quickly grabbed Walters' hands. *Id.* at 47–48. Responding to a second question about possession of narcotics, Walters indicated that he had marijuana on his person and gestured to his right side. *Id.* at 48. One of the officers reached into Walters' pocket and recovered marijuana and a lighter. *Id.* On appeal, Walters did not challenge the circumstances leading to this search of his pocket. Specifically, Walters did not contest the District Court's determination that his statements and gestures indicating that he had marijuana on his person were not obtained in violation of his *Miranda* rights. *See Walters,* 563 F.Supp.2d at 50–52; *see also Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant further failed to challenge the District Court's determination that the officers had probable cause to search his person. *Walters,* 563 F.Supp.2d at 52.

■ Appellant primarily argues that the uncorroborated testimony of police officers that they smell burnt marijuana is insufficient to establish probable cause to search a vehicle. *See* Appellant's Br. at 6, 8. The court need not reach this issue. After finding marijuana and a lighter in appellant's jacket, the officers had probable cause to arrest him. *See Mapp,* 476 F.3d at 1016. The officers then lawfully searched his car. *See Maryland v. Dyson,* 527 U.S. 465, 467, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999) ("If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment ... permits police to search the vehicle without more.") (quoting *Pennsylvania v. Labron,* 518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996)). *Arizona v. Gant* does not change this result. *See* —— U.S. ——, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009). Clarifying the circumstances under which the police may search a vehicle incident to a recent occupant's arrest, the Court held that police may lawfully search a vehicle where "it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.* at 1723.

As for appellant's challenge to the affidavit in support of the search warrant issued to search his residence, appellant has not met his burden under the test set forth in *Franks v. Delaware. See* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). To successfully challenge an affidavit, appellant "must show that (1) the affidavit contained false statements; (2) the statements were material to the issue of probable cause; and (3) the false statements were made knowingly and intentionally, or with reckless disregard for the truth." *United States v. Richardson,* 861 F.2d 291, 293 (D.C.Cir.1988) (per curiam) (citing *Franks,* 438 U.S. at 155–56, 98 S.Ct. 2674). Walters argues that the testifying officer failed to include evidence that he lived in Maryland, rather than at the District of Columbia residence searched pursuant to the warrant. The Government does not challenge the District Court's conclusion that the affidavit for the search warrant should have included the information about Walters' address in Maryland. Appellee's Br. at 24; *Walters,* 563 F.Supp.2d. at 53. But, as the District Court found, Walters has not demonstrated that inclusion of the omitted information would have defeated probable cause. *See United States v. Spencer,* 530 F.3d 1003, 1007 (D.C.Cir.2008).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc.* *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.