RENDERED:  JANUARY 27, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0925-MR

KEVIN MASTER                                                    APPELLANT

v.                    APPEAL FROM KENTON CIRCUIT COURT
                      HONORABLE KATHLEEN S. LAPE, JUDGE
                      ACTION NO. 19-CR-01762

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  ACREE, CETRULO, AND GOODWINE, JUDGES.

CETRULO, JUDGE:  Appellant Kevin Master ("Appellant KM") appeals from a

judgment of the Kenton Circuit Court denying his motion to suppress evidence

seized from his property pursuant to a search warrant.  For the reasons explained

below, we vacate the judgment and remand.

# I. FACTS AND BACKGROUND

In October 2019, a detective with the Kentucky State Police ("the Detective") submitted an affidavit seeking a search warrant for Appellant KM's residence. The affidavit provided by the Detective stated the following in support of the warrant:

> [T]he U.S. Homeland Security and U.S. Customs and [Border] Patrol (USCBP) alerted [the Detective] that a package believed to contain a child-sized sex doll was being shipped to [Appellant KM at his home address in] Kentucky. The package originated from a company in China and was shipped to the United States via FedEx. USCBP Officer Monique Ford noticed discrepancies between the shipping manifest description of the contents and the actual size of the package. The package was opened by USCBP and found to contain an anatomically correct child size doll manufactured for purposes of sexual gratification. . . . [The Detective's] investigation revealed [Appellant KM] does, in fact, live in the apartment to which the package is addressed. [The Detective] conducted surveillance on the residence and noticed a vehicle registered to [Appellant KM] parked outside the residence as recently as October 5, 2019.
>
> [The Detective] has been employed with the Kentucky State Police for 25 years. [The Detective] is assigned to the ICAC [Internet Crimes Against Children] Task Force and is specially trained in offenses involving the abuse and exploitation of children, including but not limited to child pornography and child sexual abuse. Based upon [the Detective's] training and experience, [the Detective] believes any person who orders a child sex doll from China has gone to great lengths to achieve sexual gratification for a sexual attraction to children. [The Detective] believes anyone who orders a child sex doll is also likely to be downloading, viewing, sharing, and/or

manufacturing child pornography. [The Detective] knows child pornography to be readily available via the internet from the same types of illicit websites that sell child sex dolls. [The Detective] also knows computers, smart phones, and other electronic devises often contain the illicit images even after being "deleted" by the user. [The Detective] also knows people who look at child pornography often store collections of the matter for future use.

Based upon all of the above, [the Detective] requests that the search warrant be issued to search [Appellant KM's residence] in order to further [the Detective's] continuing investigation.

Based on that affidavit, a district court judge ("the warrant-issuing judge") signed a search warrant for Appellant KM's residence. During the search, police found additional sex dolls and child pornography on Appellant KM's electronic devices. Appellant KM was arrested and charged with 20 counts of matter portraying a sexual performance by a minor. Appellant KM filed a motion to suppress, arguing lack of probable cause to search his residence.

In September 2020, the circuit court held oral arguments to determine if a testimonial hearing on the motion to suppress was necessary. During those contentious arguments, the parties disagreed as to the circuit court's standard of review and the existence of probable cause. The Commonwealth argued that ordering a child sex doll is indicative of a sexual attraction to children and such a buyer is more likely than not to possess child pornography. Conversely, Appellant KM argued the Detective "failed to engage in any meaningful investigation that

-3-

could be used to support any of his suspicions or assumptions," and ownership of a child sex doll does not create a legal nexus to ownership of child pornography.

Ultimately agreeing with the Commonwealth, the circuit court denied the motion to suppress. In an order entered in October 2020, the court found that

> [the Detective] states that he is an experienced police officer who has trained in and worked on internet crimes involving child pornography. Based on his experience, Chinese web sites that sell the type of child sex doll purchased and received by [Appellant KM] also contain child pornography. He also attests that, in his experience, a person who goes through the lengths that [Appellant KM] went through to obtain such a prepubescent sex doll from China does so for sexual gratification for a sexual attraction to children and has likely downloaded, viewed, shared, and/or manufactured child pornography.
>
> This court finds [the Detective] established a substantial basis for a reasonable belief by the warrant-issuing judge that because [Appellant KM] ordered and received a prepubescent sex doll designed for sexual gratification from China, likely through a web site containing child pornography, there is a fair probability that he downloaded, viewed, shared and/or manufactured child pornography and evidence of same would likely be found in his home and/or on his electronic devices.

After the court denied the motion to suppress, Appellant KM made a conditional guilty plea, reserving his right to appeal the suppression denial. He was sentenced to 10 years of imprisonment. This appeal followed.

-4-

## II.    STANDARD OF REVIEW

"It is well established that '[s]earch warrants must be supported by probable cause to satisfy the dictates of the Fourth Amendment.'" *Minks v. Commonwealth*, 427 S.W.3d 802, 810 (Ky. 2014) (quoting *United States v. Wilhelm*, 80 F.3d 116, 118 (4th Cir. 1996)). *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983), provided the proper standard to review a decision to issue a search warrant, and was adopted by the Kentucky Supreme Court in *Beemer v. Commonwealth*, 665 S.W.2d 912 (Ky. 1984). *Commonwealth v. Pride*, 302 S.W.3d 43, 47-48 (Ky. 2010). In *Pride*, the Kentucky Supreme Court relied upon *Gates*, wherein the United States Supreme Court had held:

> [t]he task of the [warrant] issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*Id.* at 48 (citing *Gates*, 462 U.S. at 238-39, 103 S. Ct. at 2332).

> Therefore, at the **circuit court** level,

> The trial court judge faced with a motion to suppress evidence obtained pursuant to a search warrant should apply the *Gates* standard, and determine whether under the "totality of the circumstances" presented within the four corners of the affidavit, a warrant-issuing judge had

a substantial basis for concluding that probable cause existed.

*Id.* at 49.

Here, the circuit court applied that standard of review. At the

**appellate court** level,[1]

> [t]he proper test for appellate review of a suppression hearing ruling regarding a search pursuant to a warrant is to determine first if the facts found by the trial judge are supported by substantial evidence, [RCr 8.27[2]] and then to determine whether the trial judge correctly determined that the issuing judge did or did not have a "substantial basis for . . . conclud[ing]" that probable cause existed. . . . In doing so, all reviewing courts must give great deference to the warrant-issuing judge's decision. We also review the four corners of the affidavit and not extrinsic evidence in analyzing the warrant-issuing judge's conclusion.

*Id*. (internal citations omitted).

## III.   ANALYSIS

The Fourth Amendment to the United States. Constitution and Section

10 of the Kentucky Constitution protect against unreasonable searches and

seizures. A search is reasonable if it is supported by a warrant and an

---

[1] We do not agree with Appellant KM that a *de novo* review is appropriate for this appeal. A *warrantless* search requires a *de novo* review. For a search based on a *warrant*, a "*de novo* review of the facts contained in the affidavit supporting a search warrant is inappropriate and tends to lead to overly technical analysis . . . ." *Id.* at 48 (citing *Gates*, 462 U.S. at 236, 103 S. Ct. 2331).

[2] Effective January 1, 2015, Kentucky Rules of Criminal Procedure ("RCr") 8.27 superseded RCr 9.78; however, the standard for appellate review remained unaffected. *Gibson v. Commonwealth*, No. 2014-SC-000158-MR, 2015 WL 9243583 (Ky. Dec. 17, 2015).

accompanying affidavit sufficient to establish probable cause. *Pride*, 302 S.W.3d at 50. An affidavit supporting a search warrant must "reasonably describe the property or premises to be searched *and state sufficient facts to establish probable cause* for the search of the property or premises." *Guth v. Commonwealth*, 29 S.W.3d 809, 811 (Ky. App. 2000) (emphasis added) (quoting *Coker v. Commonwealth*, 811 S.W.2d 8, 9 (Ky. App. 1991)).

On appeal, Appellant KM argues there was not a substantial basis for finding probable cause existed based on the affidavit submitted by the Detective.

> At the time [the Detective] sought the search warrant there was never any evidence that the internet was used to order a sex doll. It was *surmised* by [the Detective], but he did no investigation prior to seeking the search warrant to determine if this was even true. [Appellant KM] could have used an 800 number. There was simply no investigation other than confirming [Appellant KM's] address.

Appellant KM argues there is no nexus between ordering a child sex doll – which is legal– and owning child pornography. Also, Appellant KM argues the good faith exception is not applicable because the Detective knew ordering a child sex doll was legal[3] and failed to investigate beyond confirming Appellant KM's address. Appellant KM does not allege that the affidavit contained false statements or omitted facts, but that the affidavit – on its face – was not sufficient.

---

[3] The Detective participated in a similar case one year prior, discussed in more detail below. *Commonwealth v. Phillips*, No. 18-CR-01315, Kenton County.

Finally, Appellant KM argues the five-year conditional discharge was applied in error.

On appeal, the Commonwealth argues the circuit court properly denied the motion to suppress. Based on the Detective's 25 years of training and experience, he concluded that the act of ordering a child sex doll "was indicative of the fact that [Appellant KM] was sexually attracted to children." The Commonwealth argues it is reasonable to conclude that a person who is sexually attracted to children – as is proven by ordering a child sex doll – is "likely to also be downloading, viewing, sharing or manufacturing child pornography in furtherance of their attraction to children." The Commonwealth argues the good faith exception *could* apply but would require a remand to circuit court for an evidentiary hearing. Also, as a point of accord, the Commonwealth agrees that the circuit court improperly imposed a five-year conditional discharge period at sentencing.

### A. Search Warrant Fails for Lack of Probable Cause

Applying the standard of review put forth in *Pride*, *Beemer*, and *Gates*, we review the denial by the circuit court of Appellant KM's motion to suppress evidence – obtained pursuant to a search warrant – in two stages. First, we look to see if substantial evidence supported the circuit court's overall factual findings. *Pride*, 302 S.W.3d at 49. This step gives us pause because there were

very few factual findings . . . because there were very few facts. While we must give deference to the warrant-issuing judge's decision, we are also limited to the four corners of the affidavit. *Id.*

In the order on appeal, the circuit court walked through what few facts we have: a child sex doll was sent to the residence of Appellant KM; ordering and possessing a child sex doll is not illegal, but "[t]he facts contained in a warrant do not have to be illegal in and of themselves, rather they must establish the probability that contraband will be found." The circuit court then reiterated the Detective's assessment – not of Appellant KM specifically – but his general conclusions about the people and the circumstances surrounding the purchase of a child sex doll. That was it. Then, the court determined

> the affidavit established a substantial basis for a
> reasonable belief by the warrant-issuing judge that
> because [Appellant KM] ordered and received a
> prepubescent sex doll designed for sexual gratification
> from China, likely through a web site containing child
> pornography, there is a fair probability that [Appellant
> KM] downloaded, viewed, shared and/or manufactured
> child pornography and evidence of same would likely be
> found in his home or and/or on his electronic devices.

And yet, Appellant KM did *not* receive the doll; law enforcement intercepted the doll and did not forward it to the residence of Appellant KM. The circuit court stated that based on the Detective's experience "Chinese web sites that sell the type of child sex doll purchased and received by [Appellant KM] also

contain child pornography." However, the affidavit provides no proof the doll was purchased through a web site or that Appellant KM ordered the doll. The affidavit does not point to empirical data, cite to previous cases, or in *any way* support the presumption that web sites selling these dolls also sell child pornography. We are mindful that this deplorable area of the internet could be difficult to research, and examples could be hard to find, so we continue with our analysis.

The circuit court stated the Detective believes "a person who goes through the lengths that [the Appellant KM] went through to obtain such a prepubescent sex doll from China does so for the sexual gratification for a sexual attraction to children and has likely downloaded, viewed, shared, and/or manufactured child pornography." Again, the Detective showed no direct connection to Appellant KM beyond his address being on the mailing label.[4] Neither the Detective, nor the circuit court, gave any hint as to what "lengths" the buyer went through to order the doll. There was no data, no research, and no evidence supporting the presumption that ordering such a doll was part and parcel to downloading, viewing, sharing, and manufacturing child pornography. There was no information in the affidavit supporting the contention that using a child sex doll for sexual gratification escalates this abhorrent attraction or leads to

---

[4] Although we find the example extreme, we cannot rebut Appellant KM's suppression hearing argument: if this search warrant stands, law enforcement would only need to send a child sex doll to someone's home in order to obtain a search warrant for a private residence.

downloading, viewing, sharing, and manufacturing child pornography. Again, this may be because the subject matter was difficult to study; privacy considerations may have limited examples, and statistical data may not be feasible in this area, but the Commonwealth did not address any such issues.

The affidavit relies – almost exclusively – on the Detective's training and experience, a knowledge base *we do value*. The Commonwealth noted that the Detective's 25 years of "seasoned experience and specialized expertise were given due consideration here." However, it is that breadth of experience that also gives us pause: wouldn't an officer with this level of experience know to investigate prior to applying for a search warrant for a private residence? Thankfully, we need not address that issue directly, because here, the circuit court failed the second aspect of our analysis: the circuit court *in*correctly determined that the warrant-issuing judge had a substantial basis for concluding that probable cause existed.

We agree that "the expertise and experience of the law enforcement officer involved in the matter may be a relevant consideration in the determination of probable cause." *Commonwealth v. Baldwin*, 199 S.W.3d 765, 769 (Ky. App. 2006) (citation omitted). And yet, while we respect the importance of law enforcement experience, what are missing are facts specific to Appellant KM. *See Hensley v. Commonwealth*, 248 S.W.3d 572, 576 (Ky. App. 2007) ("nothing more than conclusory allegations" were insufficient to support a finding of probable

-11-

cause). Here, the affidavit does not state that Appellant KM had a criminal history. The affidavit does not refer to any reports of suspicious behavior nor complaints from neighbors about Appellant KM. Law enforcement did not previously subpoena his internet search history from his internet service provider. The affidavit does not refer to any police surveillance of Appellant KM beyond driving by his parking lot to confirm the presence of his vehicle.

Moreover, "[a]n officer seeking a warrant *must produce adequate supporting facts* about the underlying circumstances to show that probable cause exists to support the particular search requested." *United States v. Hodson*, 543 F.3d 286, 293-94 (6th Cir. 2008) (citing *United States v. Weaver*, 99 F.3d 1372, 1377 (6th Cir. 1996) (emphasis added)). In *Hodson*, the Sixth Circuit addressed "whether a suspect's ostensibly admitting to having engaged in child molestation is sufficient, without more, to establish probable cause to search that suspect's home for child pornography." *Id*. at 286.

Specifically, during online chats with an undercover detective, Hodson admitted his attraction to underage children and stated that he had acted on his attraction in the past. *Id.* at 287. Based primarily on those online conversations, the detective prepared an affidavit. *Id*. The detective's affidavit did not "establish, allege, or even suggest any basis for a finding of probable cause to believe that Hodson had ever been involved in child pornography in any manner."

*Id*. at 289. Nonetheless, the magistrate judge issued a warrant authorizing the immediate search of Hodson's residence. *Id*. Police found images of child pornography on Hodson's seized computer and charged him with receiving and possessing child pornography. *Id*. Hodson moved to suppress the evidence seized during the search. *Id*. A magistrate judge held an evidentiary hearing and recommended that the district court deny the motion to suppress the pornography evidence because the warrant was defective. *Id*. at 290-91.

Next, the district court held a hearing and adopted the magistrate judge's recommendation. *Id*. Finally, the Sixth Circuit agreed, stating "it is beyond dispute that the warrant was defective for lack of probable cause – [the detective] established probable cause for one crime (child molestation) but designed and requested a search for evidence of an entirely different crime (child pornography)." *Id*. at 292. The Sixth Circuit determined "it was unreasonable for the officer executing the warrant in this case to believe that probable cause existed to search Hodson's computers for child pornography based solely on a suspicion – albeit a suspicion triggered by Hodson's computer use – that Hodson had engaged in child molestation." *Id*. at 293.

Similarly, here, the affidavit contained no basis to *support* the Detective's contention that people who purchase child sex dolls also possess child pornography. The Commonwealth attempts to distinguish *Hodson*, arguing that

-13-

the *Hodson* warrant failed because the supporting affidavit "offered no assertion" of a connection between child molestation and child pornography. The Commonwealth argues that merely making an assertion that a connection existed is sufficient under *Hodson*.

However, we disagree; "asserting" a connection exists – without any supporting evidence – is not enough. The Sixth Circuit in *Hodson* stated there may be a logical inference between conduct and pornography, but that inference "is not self-evident." *Id.* at 290. We too find it a logical step from such conduct – buying a child sex doll – to child pornography, but we cannot leap across a fact-less void. We agree with the magistrate judge in *Hodson* that a warrant-issuing judge may make reasonable inferences based on common sense, but that judge cannot supply an *empirical* link between sexual deviance, or even sexual attraction, and pornography possession. *Id.* at 291.

It is this link that the parties disagree upon, using different verbiage to describe the "nexus" requirement. Appellant KM argues "the probable cause standard in an affidavit must minimally show a sufficient nexus between the **illegal activity** and the place to be searched" citing *United States v. White*, 874 F.3d 490, 496-97 (6th Cir. 2017) (citation omitted). Because the purchase of a child sex doll was not illegal, Appellant KM argues there was not a sufficient nexus between the legal purchase of the doll and a search for child pornography. We agree; like in

-14-

*Hodson*, the activity that prompted the affidavit and search was separate from the crime being searched for in Appellant KM's residence.

The Commonwealth uses different verbiage to describe the nexus: "an affidavit for a search warrant must provide a 'nexus between the place to be searched and the evidence sought.' *Elders v. Commonwealth*, 395 S.W.3d 495, 500 (Ky. App. 2012) (quoting *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004))." The Commonwealth attempts to create the nexus based solely on child pornography: the police sought child pornography, which is stored on electronic devices, devices which are located in the home. Yes, there is a nexus between child pornography and electronic equipment, but still missing are *any facts* connecting Appellant KM to child pornography.

Moreover, if we trace the Commonwealth's referenced precedent, the complete Sixth Circuit quote in *Carpenter* is consistent with the verbiage argued by Appellant KM, "[t]o justify a search, the circumstances must indicate why evidence of illegal activity will be found 'in a particular place.' There must, in other words, be a 'nexus between the place to be searched and the evidence sought.'" *Carpenter*, 360 F.3d at 594 (citation omitted). No matter the verbiage preference, here, there is no nexus, *no connecting facts*, between Appellant KM's residence and child pornography.

Therefore, here, the trial judge *in*correctly determined that the warrant-issuing judge had a substantial basis for concluding that probable cause existed.

## B. Circuit Court Must Determine Applicability of Good Faith Exception

Because there was not a substantial basis for concluding that probable cause existed, the circuit court must suppress the evidence if the Detective did not act in good faith. *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984). In *Leon*, the Unite States Supreme Court

> determined that evidence seized by police should not be
> excluded if it is obtained pursuant to a search warrant
> which may later be determined to be flawed if the
> officers executing the warrant had an objectively
> reasonable good-faith belief in the probable cause
> determination by the magistrate and the sufficiency of the
> warrant. In such cases, the evidence will not be
> suppressed.

*Moore v. Commonwealth*, 159 S.W.3d 325, 327 (Ky. 2005) (citing *Leon*, 468 U.S. 897, 104 S. Ct. 3405).

The circuit court did not allow oral arguments on the good faith exception, so we remand to give the parties an opportunity to do so. The order on appeal found that "the good faith exception is not in issue and no analysis of same will be had" due to the court's finding that the warrant-issuing judge had a substantial basis for concluding probable cause existed. On remand, the

Commonwealth faces a tough challenge to prove the Detective acted in good faith because of his familiarity with similar such facts and expectations.

In September 2018, United States Customs Enforcement notified the Department of Homeland Security of a package shipped from China to Scott Phillips ("Phillips") containing a child sex doll. The Department of Homeland Security contacted the Kentucky State Police who facilitated the delivery to Phillips. Based on that information, the State Police and the Detective – *the same detective discussed in the order on appeal here* – sought a search warrant for Phillips' home. The district court granted the search warrant. The search discovered two child sex dolls. Phillips was charged in district court in September 2018 with one count of possession of a matter portraying a sexual performance by a minor. After a preliminary hearing, the defense moved for a dismissal of the felony charge[5] due to a lack of probable cause. The district court agreed with the defense and dismissed the felony charge.

The wheels of justice continued to turn, and the Commonwealth – based on evidence discovered during the search of Phillips' home – brought forth additional charges against Phillips. In March 2020, the defense moved to suppress the evidence found during the search. After a hearing on the matter, the Kenton

---

[5] Phillips also had minor drug-related charges.

Circuit Court granted the motion to suppress because it found there were insufficient facts to establish a fair probability that law enforcement would discover evidence of a crime. The circuit court stated:

> [The Detective] implied his belief that a person possessing such sex dolls would also be in possession of a matter portraying a sexual performance by a minor. However, he offered no basis to support his suspicion that the Defendant would probably have child pornography in his possession. He provided no scientific or empirical evidence that would establish a nexus between possession of a child sex doll and possession of internet child pornography. In *United States v. Edwards*, 823 F.3d 953 (10th Cir. 2015), the Court found the possession of erotica would not provide sufficient probable cause that child pornography would be found in a defendant's home. *See also*, *United States v. Hodson*, 543 F.3d 286 (6th Cir. 2008).
>
> . . . .
>
> The Detective's belief or opinion that the possession of the sex doll would establish probable cause to search the Defendant's devices must fail. No credible proof has been presented to establish a required nexus between possession of the doll and possession of internet child pornography. See *U.S. v. Carpenter*, 360 F.3d 591 (6th Cir. 2004); *Beckam v. Commonwealth*, Ky. App., 284 S.W.3d 547 (2009). The officer's speculation or conclusory allegations do not support probable cause in this case. *Hensley v. Commonwealth*, Ky. App. 248 S.W.3d 572 [(2008)].
>
> . . .
>
> [T]he legal possession of the doll would not support the issuance of a search warrant for electronic devices which could contain pornography. The search warrant herein,

> which sought devices to establish [Phillips] to have
> searched for and purchased sex dolls, does not allege
> facts that would constitute a crime.

*Commonwealth v. Phillips*, Kenton County No. 18-CR-01315, order (filed Aug. 4, 2020).

On remand, the circuit judge may consider matter outside the affidavit for the good faith analysis. *Moore*, 159 S.W.3d at 328 (citations omitted). "[W]hen assessing the objective good faith of police executing a warrant, we must look to the totality of the circumstances, including any information known to the officer but not presented to the issuing magistrate." *Id.* (citing *United States v. Simpkins*, 914 F.2d 1054 (8th Cir. 1990)).

### C. Conditional Discharge Must Be Discharged

Also on remand, the circuit court must correct a sentencing error, an error to which the Commonwealth has conceded. The five-year conditional discharge is not applicable, and the circuit court must vacate that aspect of Appellant KM's sentence. Appellant KM pled guilty to 20 counts of possession of a matter portraying a sexual performance by a minor under Kentucky Revised Statute (KRS) 531.335, but the conditional discharge statute KRS 532.043(1) does not include KRS 531.335. *See also Chames v. Commonwealth*, 405 S.W.3d 519 (Ky. App. 2012).

# IV. CONCLUSION

The parties are well acquainted with the *Phillips* case, but we find the district court's words – in the Order[6] dismissing the charges against Phillips for lack of probable cause – worth repeating.

> As repulsive as the court find this doll and [Phillips'] actions and shares the Commonwealth's concerns regarding the exploitation of children, it is the role of the Court to apply the law as written and follow precedent of the Kentucky and Federal Appellate Courts and not to make law or be a judicial activist by basing a ruling upon their personal belief and/or moral judgment.

> Therefore, we VACATE the Kenton Circuit Court Order denying the

motion to suppress and REMAND for an evidentiary hearing on the good faith exception. Additionally, we VACATE the improperly imposed conditional discharge aspect of Appellant KM's sentence and REMAND for a corrected sentence.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Karen Shuff Maurer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christina L. Romano
Assistant Attorney General
Frankfort, Kentucky

---

[6] *Commonwealth v. Phillips*, Kenton County No. 18-F-01698, order dismissing and remanding (filed Sep. 27, 2018).