RENDERED: JUNE 16, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0036-MR

BRIAN K. CLARK												APPELLANT

v.						APPEAL FROM MEADE CIRCUIT COURT
						HONORABLE BRUCE T. BUTLER, JUDGE
						ACTION NO. 19-CR-00151

COMMONWEALTH OF KENTUCKY										APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: JONES, KAREM, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Brian K. Clark appeals from the Meade Circuit Court's order denying Clark's motion to suppress evidence. We affirm.

On August 19, 2019, Clark was involved in a fatal motor vehicle accident wherein he crossed the center line on U.S. Highway 60 in Meade County and collided head-on with another vehicle, killing one passenger, and critically injuring the other. Clark also suffered injuries in the collision. He had to be extricated from his vehicle. He was transported by helicopter from the scene of the

accident to the University of Louisville Hospital, where he remained for several days.

There was no opportunity for field sobriety testing for impairment or a blood draw from Clark before he was airlifted from the accident scene. Thus, on September 5, 2019, Officer Brandon Wright (Meade County Deputy Sheriff) filed an affidavit for a search warrant to obtain "any and all University of Louisville Hospital medical records of Brian Clark, . . . beginning August 19, 2019, and ending August 22, 2019." The search, executed the following day, resulted in the Hospital releasing a digital copy of Clark's records. The certified medical records revealed that Clark had a blood alcohol content of 0.282 (over three times the legal limit of 0.08) after Clark was admitted to the Hospital.

The case was transferred to circuit court after the Commonwealth sought an indictment. On September 9, 2019, the Meade County grand jury returned an indictment charging Clark with the following offenses: murder; wanton endangerment, first degree; assault, first degree; and operating a motor vehicle under the influence of drugs or alcohol, first offense. Clark was arrested on September 16, 2019. Thereafter, the Commonwealth filed a subpoena *duces tecum*, seeking Clark's medical records from the Hospital's Health Information Management Department. The Hospital's custodian of records complied with the

subpoena on October 24, 2019, by releasing the identical information sought by Officer Wright's search warrant.

Clark moved to suppress the medical records obtained via search warrant. He asserted that the warrant was neither based on probable cause nor sufficiently particular, and that it was also an improper means by which to obtain certified medical records. After hearing the parties' legal arguments, the circuit court denied Clark's suppression motion; the order denying the motion was entered on August 21, 2021.

Clark ultimately accepted the Commonwealth's offer on a plea of guilty to all charges included in the indictment except for murder, which was amended to the lesser included offense of first-degree manslaughter.[1] He reserved his right to appeal the denial of his motion to suppress. The circuit court entered its order of judgment and sentence of the Commonwealth's recommended thirteen years' imprisonment. This appeal followed.

We begin by enunciating our standard of review, namely:

An affidavit supporting a search warrant must "'reasonably describe the property or premises to be

---

[1] Clark's guilty pleas were entered pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), which "permits a conviction without requiring an admission of guilt and while permitting a protestation of innocence." *Wilfong v. Commonwealth*, 175 S.W.3d 84, 103 (Ky. App. 2004). "The entry of a guilty plea under the *Alford* doctrine carries the same consequences as a standard plea of guilty. By entering such a plea, a defendant may be able to avoid formally admitting guilt at the time of sentencing, but he nonetheless consents to being treated as if he were guilty with no assurances to the contrary." *Wilfong*, 175 S.W.3d at 102 (internal quotation marks omitted).

-3-

searched and state sufficient facts to establish probable cause for the search of the property or premises.'" *Guth v. Commonwealth*, 29 S.W.3d 809, 811 (Ky. App. 2000) (emphasis added) (quoting *Coker v. Commonwealth*, 811 S.W.2d 8, 9 (Ky. App. 1991)). The test for probable cause is whether, under the totality of the circumstances, a fair probability exists that contraband or evidence of a crime will be found in a particular place. *Moore v. Commonwealth*, 159 S.W.3d 325, 329 (Ky. 2005). When reviewing the issuance of a search warrant, we must give great deference to the warrant-issuing judge's findings of probable cause and must not reverse unless the court arbitrarily exercised its discretion. *Id.*

*Beckam v. Commonwealth*, 284 S.W.3d 547, 549 (Ky. App. 2009) (emphasis omitted). "An appellate court reviewing a lower court's denial of a motion to suppress evidence utilizes a clear error standard of review for factual findings and a *de novo* standard of review for conclusions of law. *Welch v. Commonwealth*, 149 S.W.3d 407, 409 (Ky. 2004)." *Tucker v. Commonwealth*, 611 S.W.3d 297, 299 (Ky. App. 2020).

In its order denying Clark's motion to suppress, the Meade Circuit Court concluded:

In the instant case, Officer Wright asserted in his affidavit for the search warrant that [Clark] was heard at the scene of the collision making the statement that he had "too much to drink," and that [Clark's] speech was slurred. Officer Wright's affidavit further asserted that [Clark's] "vehicle crossed the center line and hit a vehicle head on injuring one person and killing the other." The affidavit indicated that [Clark] "was taken to the University of Louisville Hospital," and the warrant sought "any and all University of Louisville Hospital

-4-

records" for Clark. Under a totality of the circumstances, and with appropriate deference to the initial probable cause determination, the Court concludes that the search warrant furnished probable cause that evidence of a crime would be found in [Clark's] medical records.

The circuit court went on to address Clark's allegations regarding particularity about the offense or the matters sought, concluding that the warrant was sufficiently particular in both aspects. *See Hedgepath v. Commonwealth*, 441 S.W.3d 119 (Ky. 2014).

We likewise find no deficiencies. Nor do we fault the circuit court for referencing an unpublished decision of this Court. Ample published case law supports the circuit court's denial of Clark's motion to suppress.

Moreover, we fail to discern error when these very same medical records were properly sought, obtained, and admitted into the record by the subsequent subpoena *duces tecum*. In his reply brief, Clark concedes that he was not challenging the records obtained through the subpoena, and that "[t]he defense opted to challenge the warrant instead." We agree with the circuit court's assessment that, "even if the Court were to grant [Clark's] motion to suppress his medical records obtained via the search warrant, that would have no effect on his medical records obtained via the subpoena duces tecum."

The Meade Circuit Court's order denying Clark's motion to suppress is affirmed. We thus affirm Clark's convictions.

ALL CONCUR.

BRIEFS FOR APPELLANT:                BRIEF FOR APPELLEE:

Jared Travis Bewley                  Daniel Cameron
Frankfort, Kentucky                  Attorney General of Kentucky

                                     Kristin L. Conder
                                     Assistant Attorney General
                                     Frankfort, Kentucky